JOHN WIEDNER v. THE STATE ·OF NEW JERSEY AND SAMUEL S. MOORE, HEAD KEEPER OF THE NEW JERSEY STATE PRISON.

1. W. was sentenced in 1882 to the state prison for an offence against the State of New Jersey. He served his term and time remittance was allowed him under the provisions of sections 10 and 11 of the State Prison act. In 1893 he was again committed to the state prison under a sentence of the United States District Court, which term has expired and he has been discharged by the United States. *Held,* that he cannot be required to serve out the number of days remitted to him as one who has partaken of the clemency of the State Prison act and has been again convicted and sentenced to the state prison.

2. A prisoner cannot be deprived of a right he has under a state law by an adverse act of congress in respect to a matter over which the state has exclusive jurisdiction.

On *habeas corpus*.

Argued at June Term, 1896, before Justice VAN SYCKEL.

For the prisoner, *Crossley & Montgomery*.

For the state, *John P. Stockton*, attorney-general.

The opinion of the court was delivered by

VAN SYCKEL, J.   John Wiedner, in 1882, was sentenced by the Cape May County Quarter Sessions to serve a term of seven years in the New Jersey state prison.   He served the term and there were remitted to him six hundred days, under sections 10 and 11 of the State Prison act.   *Gen. Stat., p.* 3154.

In 1893 he was again committed to the state prison by the sentence of the United States District Court for the District of New Jersey for a crime against the government of the United States, which term has expired and he has been discharged by the United States.   He is now held as a prisoner under section 12 of the State Prison act (*Gen. Stat., p.* 3155), which reads as follows:

"That if any person who has partaken of the clemency of this act shall be again convicted and sentenced to the state prison, he shall, in addition to his said sentence, be required to serve out the number of days remitted to him or her on the previous term."

Section 13 provides:

"That all sentences of imprisonment in the state prison made by any court of this state for a term of months or years, shall be construed and understood to be made under and subject to the provisions of this act."

Section 33 of the Sheriff's act (*Gen. Stat., p.* 3117) provides:

"That the sheriff and keeper of every jail, in any county of this state, shall be, and he is hereby authorized and com-. manded to receive all prisoners committed to his custody by the authority of the United States, and to keep them safely until discharged by the due course of the laws of the same."

Sections 5539, 5543 and 5544 of *Rev. Stat. U. S.* (2d ed.); 1878, *pp.* 1073, 1074, are as follows:

"Sec. 5539. Whenever any criminal, convicted of any offence against the United States, is imprisoned in the jail or penitentiary of any state or territory, such criminal shall in all respects be subject to the same discipline and treatment as convicts sentenced by the courts of the state or territory in which such jail or penitentiary is situated; and while so confined therein shall be exclusively under the control of the officers having charge of the same under the laws of such state or territory."

"Sec. 5543. All prisoners who have been or may be convicted of any offence against the laws of the United States, and confined in any state jail or penitentiary in execution of the judgment upon such conviction, who so conduct themselves that no charge for misconduct is sustained against them, shall have a deduction of one month in each year made from the term of their sentence, and shall be entitled to their discharge so much the sooner, upon the certificate of the warden or keeper of such jail or penitentiary, with the approval of the attorney-general."

"Sec. 5544. The preceding section, however, shall apply to such prisoners only as are confined in jails or penitentiaries where no credits for good behavior are allowed; but in other cases all prisoners now or hereafter confined in the jails or penitentiaries of any state for offences against the United States, shall be entitled to the same rule of credits for good behavior applicable to other prisoners in the same jail or penitentiary."

The prisoner is before me on *habeas corpus*, and the question is whether he is entitled to be discharged from custody.

It must be conceded that the United States government.

may, in respect to prisoners convicted in the federal court, adopt by statute the provisions and regulations of our state statutes regarding the incarceration of prisoners; and inasmuch as the sheriff and keeper of every jail is commanded to receive all prisoners committed by authority of the United States, and them safely to keep until discharged by due course of the laws of the United States, it is the duty of the keeper of the prison to detain such prisoners according to the exigency of the federal statutes until discharged by the United States. Therefore, if the first conviction and sentence of the prisoner Wiedner had been in the federal court, and the second conviction and sentence had been also in the federal court, there can be no doubt that he would be required to serve out the days remitted under the first sentence, if the federal statute has adopted the provision of the twelfth section of our State Prison act before recited. Under such circumstances congress has control of the entire subject-matter.

Whether the federal statutes should receive such a construction it is not necessary to decide, as the first sentence of Wiedner was in our state court and not in the federal court.

I think it cannot be successfully controverted that the federal congress is without power to add to or diminish the punishment imposed by our state courts for an offence against the state government. It is the exclusive right of the state to regulate that subject.

We must therefore look at the state law alone to settle the question submitted in this case. The prisoner cannot be deprived of a right he has under a state law by an adverse act of congress in respect to a matter over which the state has exclusive jurisdiction.

If the state law can be read so that a conviction and sentence by the federal court shall have the same effect as a conviction and sentence by the state court, then the prisoner is without remedy; but in favor of liberty a strict construction should be adhered to, and it should clearly appear that the state legislature has declared that a sentence by the federal

court shall deprive the prisoner of the time remitted under a prior sentence by the state court.

I am unable, in our legislation, to find any provision which will reasonably bear such an interpretation.

Sections 9, 10, 11 and 12 of our State Prison act relate exclusively to prisoners incarcerated by the judgment of our state courts, and section 13 expressly provides that the provisions of the act shall apply to sentences of imprisonment imposed by the courts of the state.

There is nothing in the act from which even an inference can be drawn that it shall apply to sentences by the courts of the United States. No authority can be found in it for depriving the prisoner of the clemency which has been extended to him under it. No reference whatever is made to imprisonment of an offender sentenced by the federal courts.

Without supplementing the state legislation and enlarging its scope by the federal statutes, it cannot be applied to this case. The citation hereinbefore made from our Sheriff's act simply prescribes the duty of the prison keeper to receive and safely keep the prisoner sent by the federal courts until he shall be discharged by the United States. Unless congress has the power to add to the punishment which shall fall upon a prisoner sentenced by the state courts for a crime against the state, the further detention of the petitioner by the prison keeper is unlawful. Such authority in congress cannot be conceded.

The prisoner, for the offence against the general government, might, under the United States statute, have been committed to the Essex county penitentiary. In that case, it would not be suggested that the remitted time must be served. The right of the prisoner to the clemency of the state cannot depend upon the place of imprisonment selected by the federal judge.

The petitioner is entitled to his discharge from custody.