### JESS FRIER V. THE STATE.

No. 11163.   Delivered November 16, 1927.

Rehearing denied January 4, 1928.

1.—Possessing Still, Etc.—Bills of Exception—Time for Filing—Extending Time—Rule Stated.

Where the time granted to appellant by the trial court in which to file his bills of exception has expired, the court is without authority to grant further time. See Mireles v. State, 98 Tex. Crim. Rep. 396.

#### ON REHEARING.

2.—Same—Evidence—Review on Appeal—Rule Stated.

This court will not review complaints directed to the admission of evidence in the trial court, unless the matter is excepted to at the time of its introduction and is brought forward in a proper bill of exception; and a mere objection and exception that is not preserved by bill of exception cannot be reviewed by this court.

Appeal from the District Court of Kaufman County. Tried below before the Hon Joel R. Bond, Judge.

Appeal from a conviction for possessing a still and equipment for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still and equipment for the manufacture of intoxicating liquor, punishment one year in the penitentiary.

Officers found a still, mash, etc., in a ditch at the head of a ravine. Logs, brush, etc., were piled over the top of the ditch, forming a sort of covering or roof. A road ran from appellant's place down within about ten feet of the still, and gave no indication of being traveled any farther. While the officers were watching the place appellant and his father drove up to the still in a wagon. Both got out. Appellant took a bucket out of the wagon. Appellant went over to the mash barrels, which were covered with sacking of some kind, and began pushing the hoop off. One of the two said something about how many gallons they would make. Witness understood them to say that they would make up so much. On the way back to town appellant's father threw part of the coil of the still out of the wagon. The still was located at the edge of a field which was controlled and worked by appellant and his father. There are other circumstances in evidence supporting the proposition of guilt. We regard the facts as sufficient.

It is to be regretted that the bills of exception appearing in the record were not filed in time so that same can be considered. Appellant's motion for new trial was overruled on March 31, 1927, and an order was made by the trial court allowing sixty days in which to file bills of exception and statement of facts. On May 31, 1927, the trial judge made another order granting an extension of fifteen days for filing such papers. We have uniformly held that an order made granting further time for filing bills of exception, after the expiration of the time allowed by statute, and that theretofore granted, in ultra vires. Mireles v. State, 98 Tex. Crim. Rep. 396. The order granting the extension was entered one day after the expiration of the sixty days first allowed. The bills of exception were filed too late.

No error appearing in the record, and the facts supporting the verdict and judgment, same will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that his bills of exception be considered, but presents no authority supporting

the contention that a bill of exceptions should be considered as filed within the time allowed by law, even though the order extending time for filing was made after the expiration of a time formerly granted. We see no reason to overturn the holdings of this court upon this point.

Appellant insists that we take cognizance of the fact, in the absence of a bill of exceptions, that the evidence introduced was obtained in violation of law. We are not in agreement with this contention. One who seeks to have the action of the court below reviewed in the matter of the introduction of testimony deemed illegally admitted, must make his objection at the proper time, and must make known to this court by orderly process the fact that such objection was made and that same was overruled, and that an exception was reserved to the action of the court. The accused can waive anything except the right of trial by jury. He can waive his objections to testimony the admission of which over objection would be illegal, and can thus waive any question of the illegality of such testimony. In the absence of a bill of exceptions complaining of the introduction of the testimony, same would appear to be properly before the court and properly admitted for the consideration of the jury.

The motion for rehearing will be overruled.

*Overruled.*