### PANFILO GONZALES v. THE STATE.

No. 13136.   Delivered February 19, 1930.
Reported in 25 S. W. (2d) 338.

The opinion states the case.

*Roy Buckley* of Mission, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for twenty-five years.

Appellant and others killed Francisco Ayala by cutting him with a knife. According to the testimony of the state, appellant, Felix

Gonzales and Jose Gonzales attended a dance on February 16, 1929, where they met Santiago Ayala, a brother of deceased. They had a difficulty with Santiago Ayala in which knives were used. No one was hurt. Prior to this difficulty Felix Gonzales stated in the presence of appellant that "he liked the night to kill an Ayala." On the occasion of this difficulty, appellant stated that if they could not find deceased at the dance that night they would have to look for him on the following day and kill him. On the following morning, as deceased was walking down the road, appellant and several companions overtook him in an automobile, jumped out of the car and attacked him with knives. Deceased defended himself, but was unable to repel the attack. He received several wounds which resulted in his death. The foregoing constitutes substantially the evidence relied upon by the state.

Testifying in his own behalf, appellant denied that he had threatened deceased, and declared that he killed deceased in self-defense. He detailed facts which, if believed by the jury, would have justified the conclusion that deceased, without sufficient provocation, became enraged at him and attacked him with a knife, and that he stabbed deceased in self-defense.

The jury resolved the issues against appellant, and we are unable to say that the evidence is insufficient to support the conviction.

The motion for a new trial was overruled on July 13, 1929. Eighty days were granted in which to file bills of exception. The time expired on October 1, 1929. On October 2, 1929, an order was entered by the court attempting to extend the time ten days. At the time this order was entered the time originally granted by the court for filing the bills of exception had expired. It is the rule that an order made granting further time for filing bills of exception, after the expiration of the time allowed by the statute, and that theretofore granted by the court, is ultra vires. Art. 760, C. C. P.; Frier v. State, 1 S. W. (2d) 306. The bills of exception, having been filed too late, are not entitled to consideration.

No error appearing in the record, and the evidence being sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.