R. W. YORK v. THE STATE.

No. 15154. Delivered April 13, 1932.

The opinion states the case.

*R. T. Jones* and *John C. Gray,* both of Henderson, for appellant.

*V. W. McDavid,* District Attorney, of Henderson, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Officers went to appellant's residence and made a search of his house and premises for intoxicating liquor. They found a fifteen gallon keg half full of whisky about 100 yards back of the house in the edge of

some woods. They found a half gallon of whisky and seventy-five bottles of beer on ice across the road about 100 yards from the house. As to the whisky back of the house, one of the officers testified as follows: "I found a car track going from the end of the house and across the pasture down to where I found the liquor back of the house. Those tracks went as close to where the whisky was as it is from here to the back end of the court room—they did not drive to the woods with the car, but drove up to the edge of the woods in the field. I figure it was about twenty or twenty-five steps from the car tracks to where the whisky was. There might have been a trail where those car tracks were—I do not remember about that—but there was not any road there. I tracked that car back to the house. I saw an automobile about the house, other than the one the negroes were in. I had seen that car before—it was some sort of blue, open car—I do not know whether it was a Buick, Dodge, or what it was. I had seen the defendant in the automobile I saw there."

There was a plain trail leading from the back of the house to the whisky. Also, according to the testimony of the officers, there was a well traveled path leading from the house to the whisky out in front of the house. Concerning this trail, the officer said: "There was a plain trail leading from the road to where I found the whisky and beer—the road was between the house and the fence and the trail came right across the road and on through the fence. The fence, where the trail went through, was just like any other fence where they cross over it—the wires was slack and down."

The officers testified that they found no whisky in the house. Appellant had leased and was living on the Elliott place. The keg of whisky found back of the house was on appellant's premises. That in front of the house was on the premises of another. There were no other houses near appellant's residence, the nearest house being a fourth of a mile away. At the time the officers approached the house, appellant was standing by a Ford car talking to some negroes. There were also some women and children present, and a man about twenty or twenty-five years of age. The negroes drove away in the Ford as the officers approached. The officers said that appellant and his wife stated to them that they had some boarders.

The court submitted an instruction covering the law of circumstantial evidence. We deem the evidence sufficient to support the conviction.

Motion for a new trail was overruled on October 28, 1931, and notice of appeal given on the same date. In the order overruling the motion for new trial, the court granted appellant fifty days after the adjournment of court in which to prepare and file his bills of exception. The term of court adjourned on November 8, 1931. On January 19, 1932, an order was entered by the court attempting to extend the time ten days. At the time this order was entered the time originally granted by the court for filing the bills of exception had expired. The order granting further time having

been made after the expiration of the time theretofore granted by the court, was ultra vires. Article 760, C. C. P.; Gonzales v. State, 114 Texas Crim. Rep., 104, 25 S. W. (2d) 338. The bills of exception having been filed too late, the state's objection to their consideration must be sustained.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.