## WILLIAM JOHNSTON v. THE STATE.

No. 18464.   Delivered June 10, 1936.

The opinion states the case.

*W. W. Ballard,* of Wichita Falls, for appellant.

*Ben J. Dean,* District Attorney, of Breckenridge, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was convicted charges the offense of theft of property over the value of $50, and contains averments showing that he has been previously convicted of two felonies less than capital. Because of repetition of offenses, the penalty assessed was confinement in the penitentiary for life.   See Art. 63, P. C.

The proof on the part of the State was uncontroverted to the effect that on the 24th of September, 1935, appellant stole two four-piece suits of clothing and a hat from the Hub

Clothiers Store in Breckenridge, Texas. The State's testimony was to the further effect that the stolen property was of the value of $62.50.

The State introduced evidence to the effect that appellant had been convicted in the District Court of Parker County on the 12th of April, 1928, of the offense of transporting spirituous, vinous and malt liquors capable of producing intoxication. Again, the proof showed that on the 27th of November, 1933, he had been convicted in the District Court of Jackson County, Oklahoma, of the offense of grand larceny.

Appellant contends that the conviction in Oklahoma was not available to enhance the penalty. We are constrained to overrule this contention. In Arnold v. State, 74 S. W. (2d) 997, we held that the statute increasing the punishment for a third conviction for a felony less than capital was applicable, notwithstanding one of the prior convictions was had in a federal court. In 8 R. C. L., 275, it is said: "Inasmuch as the increased punishment imposed on a conviction for a subsequent offense is not an additional punishment for a prior crime, the previous conviction may have been obtained in another state and still be effective as a prior conviction."

We think the record clearly shows that grand larceny, as defined in the State of Oklahoma, is a felony less than capital.

Appellant contends that the evidence failed to show that he had been convicted in Parker County for the offense of transporting intoxicating liquors. A witness for the State testified that on the 12th of April, 1928, appellant was convicted in the District Court of Parker County for the offense of transporting spirituous, vinous and malt liquor. He said that he was sentenced and removed to the penitentiary. The State introduced in evidence the indictment, judgment of conviction, sentence and mandate of the Court of Criminal Appeals in said case. The mandate of the Court of Criminal Appeals showed that the judgment had been affirmed. The date of the offense was April 12, 1928, and the conviction was for transporting intoxicating liquors. We think the evidence on the point was sufficient.

The contention that the value of the stolen articles was not shown to exceed $50 can not be sustained. The uncontroverted testimony of witnesses for the State was to the effect that said property had a market value of $62.50.

The bills of exception were filed February 25, 1936. The time for filing expired February 14, 1936. On the 18th of February, 1936, the court entered an order granting ten days

additional time for the filing of the bills. Said order was entered too late. An order granting further time for filing bills of exception, entered after the expiration of the time allowed by statute, and that theretofore granted, is ineffective. Frier v. State, 1 S. W. (2d) 306. The State's objection to the consideration of the bills of exception must be sustained.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.