(No. 29389.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD POPPE, Plaintiff in Error.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

EDWARD POPPE, *pro se.*

GEORGE F. BARRETT, Attorney General, and MAX A. WESTON, State's Attorney, of Rockford, (ROBERT R. CANFIELD, of Rockford, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Edward Poppe, hereinafter called the defendant, was indicted in the circuit court of Winnebago county on the charge of burglary and as a habitual criminal. Upon arraignment he signed a written waiver of trial by jury and entered a plea of guilty. The court explained fully to the defendant the meaning and effect of the entry of a plea of guilty. The defendant persisted in his plea and the court adjudged him guilty of burglary and larceny and of a violation of the Habitual Criminal Act as charged in the indictment. He was thereupon sentenced to imprisonment in the Illinois State Penitentiary for the term of his natural life. The conviction under the Habitual Criminal Act was based upon a prior conviction on the charge of burglary in the State of Ohio.

The defendant relies upon two assignments of error for reversal: first, that the conviction cannot be sustained under the Habitual Criminal Act of the State of Illinois

where the previous conviction alleged takes place in a State other than Illinois; second, that the defendant was deprived of due process of law and equal protection of the law as provided by the constitution, because the conviction under the Habitual Criminal Act was contrary to the criminal statutes of Illinois. Both points raise substantially the same issue as they are both based upon the question of whether a previous conviction outside the State of Illinois will support a conviction under the Habitual Criminal Act in this State. Defendant asks that the judgment be reversed and the cause remanded to the circuit court of Winnebago county for the purpose of a corrected sentence.

It is the contention of the People that where a defendant pleads guilty to an indictment without having made a motion to quash, he waives the right to challenge the sufficiency of· the indictment as to matters of form as well as all other matters which do not affect the real merits of the offense charged in the indictment, citing *People* ·v. *Pond,* 390 Ill. 237, which states: "A plea of guilty confesses merely that the accused is guilty in manner and form as charged in the indictment, and where an indictment does not charge a criminal offense in the form prescribed by the common law or the statute, a plea of guilty to the indictment does not waive the right to challenge the sufficiency of the indictment by a motion in arrest of judgment or on a writ of error."

In *People* v. *Hanke,* 389 Ill. 602, we said: "The Habitual Criminal Act does not create a new or independent crime. It merely prescribes the circumstances under which one found guilty of a specific crime may be more severely punished because of a previous conviction. The punishment ·is for the new crime only. The penalty is made heavier because the defendant is a habitual criminal. The prior conviction is not an ingredient of the subsequent· offense. It is merely a matter of aggravation, which

affects only the punishment to be imposed for that offense. *People* v. *Atkinson,* 376 Ill. 623."

It is insisted that since the Habitual Criminal Act creates no new offense, the objection here is one of form rather than of substance. However, in *People* v. *Powell,* 353 Ill. 582, this court held that "where the indictment does not charge a crime in the form prescribed by the common law or the statute, a plea of not guilty to the indictment without a motion to quash having been interposed does not waive the right to challenge the sufficiency of the indictment by motion in arrest of judgment."

We are inclined to the belief that the question raised by the plaintiff in error is one of substance and can be raised on a writ of error.

The question is new and has not been passed upon heretofore by this court. An attempt was made to raise the issue in *People* v. *Stack,* 391 Ill. 15, but there the habitual-criminal count was *nolle prossed* and a conviction had for armed robbery alone.

The Habitual Criminal Act provides: "Whenever any person who has been convicted of burglary, grand larceny, horse stealing, larceny of a motor vehicle, larceny from the person, rape, robbery, forgery, arson, counterfeiting, kidnaping, confidence game or extortion by threats when the punishment was imprisonment in the penitentiary, shall thereafter be convicted of any such crimes, committed after the first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor; * * * ." Ill. Rev. Stat. 1943, chap. 38, par. 602.

The defendant cites habitual-criminal sections from the statutes in other jurisdictions. A copy from the Minnesota Statute of 1927, being a fair example, reads as follows: "Every person who, after having been convicted in this State of a felony or an attempt to commit a felony, or,

under the laws of any other state or country, [shall thereafter be convicted of any such crimes] 'shall be punished as follows * * *." By analogy defendant reasons that because the Illinois statute does not contain the above provision, "or, under the laws of any other state or country," only previous convictions in the State of Illinois can be made the basis for a habitual-criminal count in this State.

In all of those States where the statute includes language similar to that just above quoted, convictions under the Habitual Criminal Act have been upheld based upon prior convictions in foreign States. *People* v. *Brophy,* 294 N. Y. 540, 63 N.E. 2d 95; *People* v. *Carrow,* 207 Cal. 366, 278 Pac. 857; *People* v. *Roth,* 228 Mich. 447, 200 N.W. 136.

Other States with statutes similar to our own have held that convictions in other jurisdictions are to be regarded as within the statute. (*Fennen* v. *Commonwealth,* 240 Ky. 530, 42 S.W. 2d 744; *Johnston* v. *State,* 130 Tex. Crim. 524, 95 S.W. 2d 439.) In 8 R.C.L. 275, sec. 291, it is stated: "Inasmuch as the increased punishment imposed on a conviction for a subsequent offense is not an additional punishment for a prior crime, the previous conviction may have been obtained in another State and still be effective as a prior conviction." Some text writers state there is a conflict on this rule and that some courts hold that a prior conviction in the court of another State or country is not within the statute of the jurisdiction in which the present offense is being prosecuted. 25 Am. Jur. 268; *Weidener* v. *State,* 59 N.J.L. 345, 36 Atl. 102.

We feel that the former rule is supported by the greater weight of authority. The purpose of the Habitual Criminal Act is to punish people who have committed prior felonies more seriously than those who are guilty of a first offense. If plaintiff in error's contention were correct, it would result in penalizing more heavily those who have previously been convicted of offenses in this State and not

penalizing as severely persons who have committed the same crimes in other States, regardless of how many times they may have been convicted in other jurisdictions.

We do not believe that such was the intention of the Habitual Criminal Act of Illinois, because section 2 of that act provides for a "duly authenticated copy" to be used as proof of a former conviction, which must relate to one from a foreign jurisdiction, as certified copies of transcripts of judgments of courts within the State are admissible in evidence in Illinois. (Ill. Rev. Stat. 1945, chap. 51, par. 13.) The courts of different jurisdictions have generally held that the mere fact that a statute provides an increased punishment for one convicted of a second or subsequent offense does not make it objectionable as a denial of due process of law. (*People* v. *Wilson*, 101 Cal. A. 376, 281 Pac. 700; *Cross* v. *State*, 96 Fla. 768, 119 So. 380; *State* v. *Zywicki*, 175 Minn. 508, 221 N.W. 900.) Nor are they denied equal protection of the laws. *State* v. *Woodman*, 127 Kan. 166, 272 Pac. 132; *Re Rosencrantz*, 205 Cal. 534, 271 Pac. 902.

In this case the defendant was regularly indicted in the circuit court of Winnebago county. Upon arraignment he was served with a copy of the indictment, as well as a list of the jurors and witnesses. He waived trial by jury and entered a plea of guilty to the indictment. The court fully explained to him the consequences of such plea, but he persisted in the same. The court sentenced him in accordance with the laws of Illinois. He was given a fair trial and none of his rights as a defendant were violated. No error appears in the record which would warrant a reversal of the cause. The judgment and sentence of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*