**Joe Ruben CRUZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46243.**

Court of Criminal Appeals of Texas.

May 16, 1973.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for felony theft. After the jury had returned

a verdict of guilty, punishment was assessed by the court at two years.

At the outset appellant contends that the evidence is insufficient to support the conviction. The thrust of appellant's argument is that the State has failed to discharge its burden in proving value to sustain a conviction for felony theft.

Officer Strickland, of the Dallas Police Department, testified that while he was on routine patrol on Ross Avenue, in Dallas, during the early morning hours of June 22, 1971, he heard a "metal-to-metal" noise coming from behind a car wash. Upon investigation, Strickland found appellant in the process of removing a left front wheel from a 1967 Chevrolet with a four-bolt lug wrench. Strickland noticed that the right front and rear wheels were off the automobile. Appellant's station wagon was parked nearby. One of the hubcaps from the 1967 Chevrolet was discovered on the station wagon and the two missing tires and wheels were found in the back of appellant's vehicle. Two other hubcaps belonging to the 1967 Chevrolet were found on the ground. Strickland described the tires as four ply white walls and stated that they appeared "extremely good."

James Wooten, service manager of Maury Auto Sales, testified that two tires were missing from a 1967 Chevrolet at the location in question, on the morning of June 22, 1971, and that, in accordance with directions given by the police, he later recovered the missing tires from the city property room. Wooten testified that he had bought auto parts and tires for cars that were for sale for a period of fourteen or fifteen years, and that, in his opinion, the fair market value of the two tires, three hubcaps and two wheels taken from the 1967 Chevrolet was seventy dollars in Dallas County, on the date of the theft. Upon cross-examination, Wooten testified that he would have to pay $20 apiece for tires like the ones in question and stated that each of the two wheels was worth $7.-50. He further testified that the hubcaps

"would be about eight dollars apiece at a place like Honest Joe's." Appellant offered no evidence to controvert the testimony of Wooten concerning the value of the articles in question.

■ We find that the uncontroverted testimony of Wooten, who had fourteen or fifteen years of experience in buying auto parts and tires for cars, was sufficient to show that the articles taken had a value of over fifty dollars. Johnston v. State, 130 Tex.Cr.R. 524, 95 S.W.2d 439; Taylor v. State, 160 Tex.Cr.R. 560, 272 S.W.2d 893.

Appellant contends that the trial court erred in failing to define market value in its charge. In his written objection to the court's charge, appellant urged the failure to give such instruction deprived the jury of a guide to determine the value of the property. In support of his contention, appellant relies on McKnight v. State, 134 Tex.Cr.R. 373, 115 S.W.2d 636 and Hodges v. State, 143 Tex.Cr.R. 573, 160 S.W.2d 262. In McKnight v. State, supra, complaint was made of the court's failure to instruct the jury as to the market value of the property stolen, and this Court said:

"In the absence of such an instruction, the jury was at liberty to seize upon any value without reference to the cash market value in Nacogdoches, and without reference to it being second hand goods. It seems obvious from the court's instruction that the value of the property was not definitely and unequivocally proved to the satisfaction of the court, because he instructed the jury on both felony and misdemeanor theft. Consequently, it was necessary for the court to give the jury a proper guide by which to determine the value of the property stolen and a failure to do so was error."

On motion for rehearing in Hodges v. State, supra, it was noted that the State's witnesses testified that the stolen articles had a market value of more than fifty dollars, and witnesses for the appellant had testified that the articles had no market

value and their replacement value was less than fifty dollars. In Hodges, the Court said:

"Thus an issue was clearly raised upon which the case turned as to whether appellant, if guilty, should be punished for a felony or a misdemeanor . . . . Appellant requested a number of special charges which would have informed the jury that the standard by which they were to ascertain the value of the property was its market value, defining same, but if the property had no market value then the standard was the replacement value, defining it, and also if the jury had a reasonable doubt as to whether the property had a market value then they would measure the value by the replacement value of said property; and that if the jury should find the standard of value to be the replacement value, and that such latter value was less than fifty dollars, then appellant could not be convicted of felony theft. These charges were all refused. It is clear that if the jury had accepted the evidence of appellant's witnesses that the property had no market value they were left entirely without information as to the law controlling the subject. Either the charges requested should have been given or others of similar import, advising the jury as to the law by which they were to be governed."

 In the instant case, appellant maintains that the issue of value was raised by his cross-examination of the witness Wooten in that it reflected that the witness had not examined the original cost of the tires, nor had he measured the tread. On cross-examination, it was developed that good used tires sell from $12.50 to $20, but that quality type tires sell for $20. Wooten described the tires in question as being quality type tires. Appellant's cross-examination did not result in the witness changing his opinion as to the value of the articles in question, nor did the examination discredit his testimony. The experience of the witness in buying tires for a period of fourteen or fifteen years clearly qualified him to express an opinion as to their market value.

In the instant case, unlike McKnight v. State, supra and Hodges v. State, supra, there was no evidence before the court which raised the issue of whether the stolen articles were worth fifty dollars, nor do we find that appellant's cross-examination raised such issue. We conclude that the court was not in error in failing to instruct the jury regarding market value.

Appellant contends the court erred in failing to charge the jury on the lesser included offense of theft of property under fifty dollars.

A review of the evidence reflects that the issue of misdemeanor theft was not raised. It necessarily follows that the court was not in error in failing to give a charge on the offense of theft under fifty dollars.

The judgment is affirmed.

Opinion approved by the Court.