ACCEPTED

## NO. 07-17-00371-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH SUPREME JUDICIAL DISTRICT

AT AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/5/2018 4:55:56 PM
VIVIAN LONG
CLERK

GILBERT RICHARD ARCHULETA, JR.,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

Appeal in Cause No. 3014
In the 287th District Court
of Bailey County, Texas

### APPELLEE'S BRIEF

HON. KATHRYN GURLEY
DISTRICT ATTORNEY FOR BAILEY COUNTY
ATTORNEY FOR THE STATE
P.O. BOX 729
Friona, Texas 79035
State Bar No. 10022700
Telephone No.  806.250.2050
FAX No. 806.250.9053
Email: districtattorney@parmercounty.net

JAMES B. JOHNSTON
ATTORNEY FOR THE APPELLANT
112 SW 8th Ave., Suite 301G
Amarillo, Texas 79101
State Bar No. 24069793
Telephone No. 806.250.7466
FAX No. 806.350.7516
Email: bjtexas59@hotmail.com

*Oral Argument Not Requested*

GILBERT RICHARD ARCHULETA, JR.,
                          Appellant
VS.

THE STATE OF TEXAS,
                          Appellee

---

## NAMES OF ALL PARTIES

---

JUDGE PRESIDING:
HON. GORDON HOUSTON GREEN
287TH Judicial District Court
300 South 1st Street, Suite 130
Muleshoe, TX 79347

APPELLANT:
Gilbert Richard Archuleta, Jr.
TDCJ#02178536
Middleton Unit
13055 FM 3522
Abilene, TX 79601

ATTORNEY FOR APPELLANT AT TRIAL AND ON APPEAL
James B. Johnston
112 SW 8th Ave, Suite 301G
Amarillo, Texas 79101

ATTORNEY FOR STATE AT TRIAL:          ATTORNEY FOR STATE ON APPEAL
Jackie Claborn, Attorney Pro Tem      Kathryn H. Gurley
Bailey County Attorney                Bailey County District Attorney
306 W 2nd Street                      P.O. Box 729
Muleshoe, TX  79347                   Friona, TX  79035

# TABLE OF CONTENTS

NAMES OF ALL PARTIES ...............................................................................i

TABLE OF CONTENTS ...................................................................................ii

INDEX OF AUTHORITIES…………………………………………………iii

STATEMENT OF THE CASE…………………………………………………2

STATEMENT OF FACTS ..............................................................................3

SUMMARY OF THE ARGUMENT……………………..……………….....…7

RESPONSE TO APPELLANT'S FIRST POINT OF ERROR

    I. Standard of Review ........................................................................7

    II. Discussion. ....................................................................................9

RESPONSE TO APPELLANT'S SECOND POINT OF ERROR

    I. Standard of Review ......................................................................12

    II. Discussion. ..................................................................................13

CONCLUSION AND PRAYER .....................................................................16

CERTIFICATE OF SERVICE .......................................................................17

CERTIFICATE OF COMPLIANCE..............................................................17

# INDEX OF AUTHORITIES

**CASES**                                                          **Page**

*Acosta v. State,* 429 S.W.3d 621 (Tex. Crim. App. 2014)........................................8

*Ashley v. State,* 527 S.W.2d 302 (Tex. Crim. App. 1975)......................................14

*Baines v. State,* 418 S.W.3d 663 (Tex. App. – Texarkana 2010, *pet. ref'd)* ...........11

*Barnes v. State,* 876 S.W.2d 316 (Tex. Crim. App. 1994) ......................................13

*Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010) ........................................8

*Brown v. State*, 270 S.W.3d 564 (Tex. Crim. App. 2008),
*cert. denied*, 556 U.S.1211, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009)....................8

*Calton v. State,* 176 S.W.3d 231 (Tex. Crim. App. 2005).......................................10

*Davy v. State,* 525 S.W.3d 745 (Tex. App. – Amarillo, 2017, pet. ref'd) ...............14

*Dobbs v. State,* 434 S.W.3d 166 (Tex. Crim. App. 2014) .........................................8

*Duvall v. State,* 367 S.W.3d 509 (Tex. App. – Texarkana, 2012, pet. ref'd*)* ..........10

*Ex Parte Pue, (*2018 Tex. Crim. App. Lexis 63) ......................................................14

*Ex Parte White,* 211 S.W.3d 316 (Tex. Crim. App. 2007)......................................14

*Fletcher v. State,* 214 S.W.3d 5 (Tex. Crim. App.2007 ..........................................14

*Flowers v. State,* 220 S.W.3d 919 (Tex. Crim. App. 2007) ....................................14

*Griego v. State,* 345 S.W.3d 742 (Tex. App. – Amarillo, 2011) .............................10

*Horne v. State,* 228 S.W.3d 442 (Tex. App. – Texarkana, 2007)............................10

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)..............8

*Johnston v. State,* 95 S.W.2d 439 (Tex. Crim. App. 1936) ......................................14

*Johnson v. State,* 583 S.W.2d 399 (Tex. Crim. App. 1979) .....................................14

*Laster v. State,* 272 S.W.3d 512 (Tex. Crim. App. 2009) ....................................8, 9

*Lopez v. State,* 415 S.W.3d 495 (Tex. App. – San Antonio, 2013) .........................10

*Mayfield v. State,* 219 S.W.3d 531 (Tex. App. – Texarkana, 2007).......................10

*Merritt v. State,* 368 S.w.3d 516 (Tex Crim. App. 2012)..........................................8

*Smith v. State,* 965 S.W.2d 509 (Tex. Crim. App. 1998) ...........................................9

*Wyatt v. State,* 23 S.W.3d 18 (Tex. Crim. App. 2000) ...............................................8

## TEXAS RULES AND STATUTES

TEX. PENAL CODE ANN. §12.41 ...................................................................................13

TEX. PENAL CODE ANN. §12.42 ...................................................................................13

TEX. PENAL CODE ANN. §38.04 ...............................................................................9, 10

**NO. 07-17-00371-CR**

IN THE COURT OF APPEALS

FOR THE SEVENTH SUPREME JUDICIAL DISTRICT

AT AMARILLO, TEXAS

GILBERT RICHARD ARCHULETA, JR.,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

STATE'S APPELLATE BRIEF

*The State does not request oral argument.*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW THE STATE OF TEXAS, Appellee in Cause No. 3014 of the 287th Judicial District Court of Bailey County, Texas, and respectfully submits this brief in response to the brief filed by the Appellant appealing his conviction in Cause Number 3014 in the 287th Judicial District Court, and in support thereof, would respectfully show as follows:

1

## STATEMENT OF THE CASE

Appellant was charged by indictment in the 287th Judicial District Court of Bailey County, Texas, with the offense of Evading Arrest or Detention by using a motor vehicle, a third degree felony offense pursuant to Texas Penal Code §38.04. (CR pp. 6-7). A notice of enhancement was filed prior to trial alleging prior final felony convictions, which increased the range of punishment for the charged offense to life, or for any term of not more than 99 years or less than 25 years. TEX. PENAL CODE §12.42(d). A jury trial was held beginning September 27, 2017, where Appellant entered a plea of "not guilty". (RR vol. 3, pg. 14). On September 28, 2017, the jury found Appellant "guilty" as charged in the indictment. (RR vol. 4, pg. 36). The jury assessed punishment, and Appellant was sentenced to a term of twenty five years in the Institutional Division of the Texas Department of Criminal Justice. (RR vol. 5, pg. 58). This sentence was imposed. (RR vol. 5, pg. 60). The trial court certified the Appellant's right of appeal. (CR pp. 14-15). Appellant filed a Motion for New Trial and Motion in Arrest of Judgment on October 16, 2017, which was overruled by operation of law. (CR pp. 30-32). Appellant timely filed a Notice of Appeal. (CR pg. 37).

## STATEMENT OF FACTS

Officer Heath Edwards received a call from dispatch shortly before midnight about a suspicious vehicle that had been seen in the area around the Muleshoe County Club. The suspicious vehicle was described as a white van, possibly a U-Haul Van, with $19.95 on the side of the van. (RR vol. 3, pg. 22). Officer Edwards located a vehicle matching that description in the area as it crossed Ithaca Street. Officer Edwards also observed that the vehicle did not have any tail lights. (RR vol. 3, pg. 23). Officer Edwards, who was in uniform and operating a marked police vehicle, activated his lights and stopped the suspect vehicle. (RR vol. 3, pp. 23-24). The suspect vehicle did not pull all the way over to the curb, but instead stopped in the middle of the roadway. (RR vol. 3, pg. 24). Appellant suddenly got out of the vehicle and began to approach Officer Edwards. As Appellant was so quickly out of the suspect vehicle and approaching so rapidly, Officer Edwards did not have time to properly follow protocol by giving his location or giving information regarding the suspect vehicle's registration. (*Id.*). Officer Edwards then withdrew his duty pistol and ordered the Appellant multiple times to get back in his vehicle. (RR vol. 3, pp. 23-24). While Officer Edwards was outside of his patrol vehicle with his duty pistol drawn, Officer Baker and Officer Ramos from the Muleshoe Police Department arrived on the scene. (RR vol. 3, pp. 27, 63). Officers Ramos and Baker got out of their vehicle with their duty pistols drawn.

3

(RR vol. 3, pg. 27, 65). Officer Ramos saw Appellant outside of the suspect vehicle and heard Officer Edwards commanding the Appellant to get back inside his vehicle. (RR vol. 3, pg. 64). Appellant did not initially comply with multiple commands from Officer Edwards. (RR vol. 3, pp. 24-25, 64). Appellant then stated "I don't have time for this sh**" and that he had to find his girlfriend, at which time he got back in the suspect vehicle and drove off. (RR vol. 3, pp. 25, 47, 64). After Appellant drove off, Officer Edwards followed directly behind him, with lights and sirens activated. (RR vol. 3, pg 27). Officers Ramos and Baker followed Officer Edwards and the suspect vehicle with their lights activated as well. (RR vol. 3, pp. 27, 66).

Appellant drove east on Juniper to Joliet, then north on Joliet to a county road located behind the County Club, and then continued driving east. Officer Edwards contacted dispatch and requested that additional units be sent to assist. (RR vol. 3, pg. 26). The pursuit never reached high speeds. (RR vol. 3, pp. 27, 66).

When Appellant finally stopped, Officer Edwards got out of his patrol vehicle and ordered Appellant to get out of his vehicle. Appellant refused multiple times to get out of the vehicle. (RR vol. 3, pp. 28, 67). Eventually, Appellant got out from the passenger side of his vehicle, with a female in front of him. (*Id.*). Officer Edwards never saw the female get into Appellant's vehicle, but she did get

4

out of Appellant's vehicle when it stopped. (RR vol. 3, pg. 57). Officer Edwards gave commands to the Appellant, such as "Let me see your hands" and "Turn around", but he did not immediately comply with these commands. (RR vol. 3, pp. 28, 68-69). After approximately eight minutes, Officer Baker was finally able to place Appellant in handcuffs. (RR vol. 3, pg. 29, 68-69).

After Appellant had been taken into custody, Officer Ramos remained with the female that had been in Appellant's vehicle, later was identified as Amy Goff. (RR vol. 3 pp. 47-48). Ms. Goff never expressed any medical complaints nor did she request any medical assistance. (RR vol. 3, pg. 69). Ms. Goff had, however, informed Officer Ramos that she was pregnant. (RR vol. 3, pg. 74). Law enforcement called for an ambulance to check Ms. Goff, even though Ms. Goff never requested medical assistance. (RR vol. 3, pp. 74-75). Officer Ramos stated "It was more just for us to make sure she was okay since she was pregnant". (*Id.*). Officer Ramos also spoke with Appellant at the scene. Appellant never requested medical assistance for himself or for Ms. Goff. (RR vol. 3, pg. 70).

Appellant was found "guilty" by the jury. (RR vol. 3, pg. 36; CR pg. 24). The Appellant elected to have the jury assess punishment. Prior to the reading of the Charge on Punishment, Appellant pleaded "true" to the enhancement allegation stating that on April 22, 2008, he had been convicted for burglary, a second degree felony, in Cause No. 2520 in the 287th Judicial District Court, Bailey County,

Texas. (RR vol. 5, pg. 40). The judgment was included in the Texas pen packet that was admitted into evidence as State's Exhibit 4. (RR vol. 5, pg. 27; RR vol. 6, pg. 8). The judgment, dated April 22, 2008, reflects that the offense was committed on January 15, 2008.

Appellant pleaded "not true" to the enhancement allegation that on September 1, 2011, he had been convicted of residential burglary in Cause No. D-101-CR-2000-513 in the First Judicial District Court, County of Santa Fe, New Mexico. (RR vol. 5, pg. 39). Detective Crandell, a fingerprint expert, testified. State's Exhibit 1, an inked fingerprint card containing Appellant's fingerprints, was admitted into evidence without objection. (RR vol. 5, pg. 9, 14). State's Exhibit 2, Appellant's pen packet from the State of New Mexico, was also admitted into evidence. (RR vol. 5, pg. 10, 13; RR vol. 6, pg. 6). Detective Crandell testified that the fingerprints on the fingerprint card were compared to the fingerprints contained in the New Mexico pen packet, and the fingerprints were made by the same individual. (RR vol. 5, pg. 12). Included in the New Mexico pen packet is a judgment dated September 1, 2000, for the offense of Residential Burglary, a third degree felony, with Appellant being sentenced to 3 years confinement for the burglary and an additional 4 years confinement for being a habitual offender, for a total sentence of 7 years. (RR vol. 5, pg. 18; RR vol. 6, pg. 6). The judgment reflects that the offense date was January 26, 2000. Also

included in the New Mexico pen packet is a New Mexico Corrections Department Good Time Figuring Sheet showing the Appellant was discharged from the New Mexico penitentiary for the offense of Residential Burglary (Habitual Offender) on January 5, 2007. (RR vol. 6, pg. 6)

## SUMMARY OF THE ARGUMENTS

Reply to Point of Error One: The evidence is sufficient to support Appellant's conviction for evading arrest or detention with a vehicle.

Reply to Point of Error Two: The evidence in this case proved Appellant's two consecutive prior final felony convictions. The sentence is within the punishment range supported by his criminal history.

## STATE'S REPLY TO APPELLANT'S ISSUE 1

Appellant claims in Issue 1 that the evidence was insufficient to prove that he evaded the police. (Appellant's Brief pg. 9). This issue lacks merit as any rational jury could have found the Appellant guilty of evading arrest or detention based upon the testimony and evidence admitted at trial.

### Standard of Review

In reviewing a sufficiency complaint, the appellate court should examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond

a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Dobbs v. State,* 434 S.W.3d 166, 170 (Tex. Crim. App. 2014); *Brooks v. State,* 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). Under this standard, the factfinder's duty is to resolve any conflicts in the testimony, weigh all the evidence, and draw any reasonable inferences from all the facts presented. (*Jackson* at 319*, Laster v. State,* 275 S.W.3d 512, 522 (Tex. Crim. App. 2009). Circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence alone can be sufficient. *Acosta v. State,* 429 S.W.3d 621, 625 (Tex. Crim. App. 2014). In such cases, it is not necessary that every fact and circumstance point directly and independently to the defendant's guilt; rather, it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Id.*

The jury is the sole judge of the weight and credibility of the evidence presented and is free to believe or disbelieve any testimony. *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 556 U.S. 1211, 129 S.Ct. 2075, 173 L.Ed. 2d 1139 (2009); *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). When the record supports conflicting inferences, the court must presume that the jury resolved the conflicts in favor of the verdict and defer to that determination. *Merritt v. State,* 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012). So long as the verdict is supported by a reasonable inference, it is within the jury's

province to choose which inference is most reasonable. *Laster v. State*, 275 S.W.3d 512, 523-24 (Tex. Crim. App. 2009).

A person commits the offense of Evading Arrest or Detention if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. TEX. PENAL CODE ANN. §38.04. An offense under this section is a felony of the third degree if the actor uses a vehicle or watercraft while the actor is in flight. TEX. PENAL CODE ANN. §38.04(b)(2)(A). A fact finder may infer the existence of knowledge or intent from "any facts tending to prove its existence," such as Appellant's acts, words or conduct, and may be determined from the totality of the circumstances. *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App.1998).

## Sufficiency Analysis

Appellant was charged with and convicted of the offense of evading arrest or detention with a vehicle. The indictment alleged that Appellant, on or about the 31st day of March, 2016, and before the presentment of this indictment, did then and there, while using a vehicle, intentionally flee from Heath Edwards, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant. (CR pp. 6-7). The elements of evading arrest or detention with a vehicle are that (1) a person (2) intentionally (3) fled (4) from a peace officer (5) with knowledge that he was a peace officer (6) who was attempting to

9

lawfully arrest or detain him and (7) he used a vehicle while in flight.  TEX. PEN. CODE ANN. § 38.04(a) and (b)(2)(A); *see Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005)(*en banc*).  Appellant's sufficiency challenge focuses solely on the finding that Appellant intended to flee the officer or avoid apprehension. (Appellant's Brief pg. 12).

With regard to Appellant's flight from detention, evidence that a police officer is asserting authority and attempting to arrest or detain an individual includes use of emergency lights and sirens, pointing to a driver to pull the vehicle over, and issuing verbal commands.  *Duvall v. State*, 367 S.W.3d 509, 513 (Tex. App. - Texarkana 2012, *pet. ref'd*).  "Fleeing" is "anything less than prompt compliance with an officer's direction to stop", and "fleeing slowly is still fleeing". *Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App. - San Antonio, 2013) (quoting *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App. – Texarkana, 2007) and *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App. – Texarkana, 2007).  Courts may consider speed, distance, and duration of pursuit in determining whether a defendant intentionally fled, but "no particular speed, distance, or duration is required to show the requisite intent if other evidence establishes such intent." *Griego v. State*, 345 S.W.3d 742, 751 (Tex. App. – Amarillo, 2011).  The statute does not require high-speed fleeing, or even effectual fleeing.  It requires only an attempt to get away from a known officer of the law. *Mayfield*, 219 S.W.3d at 541.

10

The relevant inquiry is whether there was an attempt to flee or delay the detention. *Baines v. State,* 418 S.W.3d 663, 670 (Tex. App. – Texarkana 2010, pet. ref'd).

In the present case, the evidence showed that Appellant was the driver of a suspicious vehicle that had been reported to the police and that had no tail lights. (RR vol. 3, pp. 22-23). Officer Edwards, who was in a marked patrol vehicle, initiated a traffic stop by turning on his overhead lights. (RR vol. 2 pg. 23). Appellant obviously saw the patrol car lights as he stopped in the middle of the road and got out of his vehicle. (RR vol. 2, pg. 24). Officer Edwards, in full uniform, got out of his patrol vehicle with his duty weapon drawn. (RR vol. 3, pp. 27, 65). Other uniformed officers arrived on scene in uniform and also got out of their patrol car with duty weapons drawn. (RR vol. 3, pp. 27, 65). The evidence clearly shows that Appellant knew he was being detained by someone he knew was a police officer.

The evidence further showed that Appellant ignored Officer Edwards' verbal commands. Appellant stated "I don't have time for this sh\*\*", and he got back in his vehicle and left. (RR vol. 3, pg. 25). This was an attempt on the part of Appellant to flee or to delay his detention. The chase lasted until Appellant finally stopped on a county road, but again Appellant failed to respond promptly to the police officer's commands to get out of the vehicle. (RR vol. 3, pp. 28, 68). When Appellant finally exited the vehicle after approximately 8 minutes, he exited, not

11

on the driver's side, but the passenger side, and he was behind the female passenger. (RR vol. 3, pp. 28, 68). Appellant continued to be noncompliant with the officer's commands to show his hands or to turn around. (*Id.*) The evidence shows that uniformed peace officers made a show of authority and Appellant refused to yield to it. There is no question Appellant knew peace officers were attempting to detain him. Appellant fled, albeit slowly, and he delayed his detention, but fleeing slowly is still fleeing.

Considering the evidence adduced at trial, coupled with the fact that the fact finder weighs the credibility of the witnesses and testimony and is free to accept or discount any portion of any witness' testimony, the evidence is legally sufficient to sustain the jury's finding. For those reasons stated above, the Appellant's point of error in Issue 1 should be overruled, and the judgment should, in all things, be affirmed.

## STATE'S REPLY TO APPELLANT'S ISSUE 2

Appellant claims in Issue 2 the evidence was insufficient to prove that Appellant's New Mexico conviction used for enhancement was a final conviction for a felony offense. The State of Texas respectfully disagrees.

## Standard of Review

In reviewing the sufficiency of the evidence at the punishment phase, the appellate court reviews the evidence in the light most favorable to the verdict and

12

determines whether any rational trier of fact could make the finding beyond a reasonable doubt. *Barnes v. State,* 876 S.W.2d 316, 322 (Tex. Crim. App. 1994).

**<u>Sufficiency analysis</u>**

*A. Relevant Statutes*

    1. TEX. PENAL CODE ANN. § 12.42(d) states "…if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. …"

    2. TEX. PENAL CODE ANN. § 12.41(1) states "For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

        (1) "felony of the third degree" if imprisonment in the Texas Department for Criminal Justice or another penitentiary is affixed to the offense as a possible punishment;"

*B.    The evidence admitted by the State meets the proof required for the prior offense to be used for punishment enhancement*

13

Prima facie proof of a prior conviction is made by introduction of the prior judgment and sentence. *Johnson v. State,* 583 S.W.2d 399, 403 (Tex. Crim. App. 1979). Foreign convictions from other states can be used for enhancement in Texas. *Ex Parte White,* 211 S.W.3d 316, 319 (Tex. Crim. App. 2007). The general enhancement provisions require only proof of a prior felony conviction from a jurisdiction within the United States. *Johnston v. State,* 95 S.W.2d 439, 440 (Tex. Crim. App. 1936). The State also has the burden to show that any conviction used to enhance was final under the law. *Flowers v. State,* 220 S.W.3d 919, 922 (Tex. Crim. App. 2007). Once the State makes prima facie proof of an enhancement conviction, finality of the conviction is presumed if the record is silent regarding finality. *Fletcher v. State,* 214 S.W.3d 5, 8 (Tex. Crim. App. 2007). The determination of whether a defendant has been "finally convicted" for enhancement purposes under section 12.42 is to be made in accordance with Texas law. *Ex Parte Pue,* (2018 Tex. Crim. App. Lexis 63, pg. 17). The defendant then assumes the burden of proving the conviction was not final. *Fletcher* at 8; *Ashley v. State,* 527 S.W.2d 302, 305 (Tex. Crim. App. 1975); *Davy v. State,* 525 S.W.3d 745, 752 (Tex. App.-Amarillo, 2017, pet. denied)

The Appellant pleaded guilty in Cause No. D-0101-CR-2000-513 in the First Judicial District Court, County of Santa Fe, New Mexico, to Residential Burglary, which the judgment states is a third degree felony offense under Section 30-16-3A,

14

NMSA. (RR vol. 6, pg. 6). For the Residential Burglary count, the judgment shows that Appellant was sentenced to a term of three years in the New Mexico Department of Corrections, with an additional term of four years imprisonment as Appellant was found to be a habitual offender. As stated in the judgment, none of the sentence was suspended, and Appellant was placed in the custody of the New Mexico Department of Corrections for a period of seven (7) years. (*Id.*).

Appellant argues that the evidence was insufficient to prove that Appellant's New Mexico conviction in Cause No. D-0101-CR-2000-513 was final, or that it was final prior to Appellant's conviction in Cause No. 2520 in the District Court of Bailey County, Texas. The New Mexico judgment is prima facie proof of Appellant's prior felony conviction and sentence. The New Mexico conviction is a final conviction as the record reflects that Appellant was sentenced to a term of seven years in the New Mexico Department of Corrections, which was served. When the conviction appears to be final on its face, the defendant then had the burden of proving that the conviction was not final. However, no evidence was presented that indicated that the sentence had been suspended or that the conviction had been appealed or that for any other reason the conviction was not otherwise final.

Finally, the record reflects that the New Mexico offense in Cause No. D-0101-CR-2000-513 was final on September 6, 2000. Appellant committed a

burglary in Bailey County, Texas, on January 15, 2008, with Appellant being convicted and sentenced on April 22, 2008, in Cause No. 2520 in the 287th Judicial District Court of Bailey County, Texas. The evidence at trial proved that this burglary offense was committed after the Appellant had been finally convicted of a felony offense in New Mexico.

The evidence is sufficient to enhance Appellant's conviction under Texas Penal Code Section 12.42(d).

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellee prays that this Honorable Court overrule Appellant's points of error, and that Appellant's conviction and sentence be upheld.

Respectfully Submitted,

By: /s/Kathryn H. Gurley
Kathryn H. Gurley
287th Judicial District Attorney
State Bar No. 10022700
P.O. Box 729
Friona, Texas 79035
Tel.: (806) 250-2050
FAX: (806) 250-9053
Email: districtattorney@parmercounty.net

16

CERTIFICATE OF SERVICE

This is to certify that a copy of the above-entitled and numbered brief has been served on James B. Johnston, counsel for Appellant as to this appeal, by email to bjtexas59@hotmail.com, on this the 5th day of June, 2018.

/s/Kathryn H. Gurley
Kathryn H. Gurley
Attorney for Appellee

CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I further certify that, relying on the word count of the computer program used to prepare the foregoing State's Response, this document contains 3,278 words, inclusive of all portions required by TEX. R. APP. P. 9.4(i)(1) to be included in calculation of length of the document.

Kathryn H. Gurley
287th Judicial District Attorney
State Bar No. 10022700

By: /s/ Kathryn H. Gurley
Kathryn H. Gurley

17