**Tarence FLETCHER, Appellant**

v.

**The STATE of Texas.**

**Nos. PD–1809–05, PD–1810–05.**

Court of Criminal Appeals of Texas.

Jan. 31, 2007.

Catherine Clare Bernhard, Red Oak, for appellant.

Amy Sue Melo Murphy, Asst. D.A., Dallas, Matthew Paul, State's Attorney, Austin, for state.

### OPINION

KEASLER, J., delivered the opinion for a unanimous Court.

At Tarence Fletcher's punishment phase, the State offered evidence of a prior conviction for enhancement purposes. That evidence showed the conviction had been appealed, but did not contain proof that it was final. At the State's request, the court of appeals took judicial notice of the mandate issued in the enhancement

---

3. *Mestas, supra.*

conviction, therefore relieving the State of its burden of proving finality.[1] We hold that the court of appeals erred in doing so.

## Facts and Procedural History

Tarence Fletcher was charged with delivery of less than one gram of cocaine and possession of more than four grams of cocaine. Both charges alleged two prior felony convictions for enhancement purposes. Fletcher pled not guilty and proceeded to a jury trial. The jury found him guilty on both charges.

At the punishment phase, Fletcher pled not true to the first enhancement paragraph in each indictment, which alleged that Fletcher had a prior conviction for possession of cocaine, a controlled substance. To prove that conviction, the State offered a penitentiary packet into evidence. Although the packet included the judgment from the conviction, it also showed that Fletcher had given notice of appeal. The State failed to enter any proof of the finality of the conviction. But the trial judge found the enhancement paragraphs to be true and sentenced Fletcher to thirty-five years' confinement in the delivery case and fifty years' confinement in the possession case.

Fletcher appealed both convictions to the Dallas Court of Appeals alleging, among other things, that the evidence was "legally insufficient to support a finding of true to the first enhancement paragraph in each indictment."[2] Citing an unpublished Dallas Court of Appeals case as authority, the State included in its brief to the court of appeals a copy of the mandate issued in regard to the enhancement conviction and requested that the court take judicial notice of it.[3] The court of appeals took judicial notice of the mandate, stating, "If we were to remand this case to the trial court for reassessment of punishment, the State would introduce the mandate they produced with their brief in this appeal...."[4] The court of appeals asserted that "no facts or law would be different than what the trial court thought them to be when the court assessed punishment the first time."[5] The court concluded, therefore, that remanding the case "would be useless" and that "[t]he law does not require a useless thing to be done."[6]

We granted review to determine whether the court of appeals erred in taking judicial notice of a mandate issued in another case by the same court of appeals. We hold that it did.

## Law and Analysis

In *Jones v. State*, we explained:
The law is settled that a conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final. In this instance, because the sentence that was introduced into evidence by the State to prove up the alleged prior felony conviction reflects that the conviction was ap-

1. *Fletcher v. State*, Nos. 05–04–01053–CR & 05–04–01054–CR, 2005 WL 1983609, at *2, 2005 Tex.App. LEXIS 6611, at *4 (Tex.App.-Dallas Aug. 18, 2005) (not designated for publication).

2. *Id.*

3. *See* State's Brief at 5 & App., *Fletcher*, 2005 WL 1983609, 2005 Tex.App. LEXIS 6611 (Nos. 05–04–01053–CR & 05–04–01054–CR)

(citing *Buckley v. State*, No. 05–94–00662–CR, 1998 WL 417288, 1998 Tex.App. LEXIS 4493 (Tex.App.-Dallas July 27, 1998, no pet.)).

4. *Fletcher*, 2005 WL 1983609, at *2, 2005 Tex.App. LEXIS 6611, at *5.

5. *Id.*

6. *Id.*

pealed, the State itself raised the question as to what disposition was made of the appeal. It thus had the burden of proof to establish what disposition was made of the appeal. Because the State failed to make a prima facie showing of finality, the appellant had no burden to carry nor was he obligated to complain about or object to the lack of finality of the alleged prior conviction. The case is simply one of failure of the State to sustain its burden of proof.[7]

We also recognized that we had affirmed Jones's enhancement conviction in a previous unpublished opinion, but we noted that "because 'We decline to review the records of another case to find support for contentions raised in this appeal,'" "we will not consider the record of that appeal."[8] Similarly, where one court of appeals noted in its opinion that it had affirmed a prior conviction in another cause, we advised:

[I]t should be noted that although an appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, the general rule is that an appellate court cannot go to the record of another case for the purpose of considering testimony found there but not shown in the record case before it.[9]

In another similar case, *Glorioso v. State*, Glorioso argued that the evidence was insufficient to establish the finality of an enhancement conviction because the evidence at trial showed that the conviction was being appealed.[10] He asserted that "since the State's exhibit which noted that [Glorioso's] appeal ... was final was never introduced before the jury, there was no proof that that conviction, contained in one of the enhancement paragraphs, was final."[11] But Glorioso failed to object to the finality of the enhancement conviction, so the court of appeals held that he had waived his sufficiency claim.[12] We noted that the court of appeals failed to cite *Jones*, so we remanded the case for reconsideration, because *Jones* "appear[ed] to be dispositive of [Glorioso's] contention."[13]

In this case, the State argues that Fletcher "ignores the drastic changes in both double jeopardy jurisprudence and attitudes towards appellate judicial notice that have occurred since *Jones* was decided." The State notes that an enhancement conviction that had been deemed legally insufficient on appeal could not have been used at a new punishment phase at the time this Court decided *Jones*. Therefore, the State asserts that double jeopardy jurisprudence "essentially prohibited this Court from having the ability to take judicial notice." Since *Jones*, however, double jeopardy law has changed, and the State may now use an enhancement conviction on retrial.[14]

The State also claims that "drastic changes" in "attitudes towards appellate judicial notice" have occurred since *Jones*, and as a result, "a court of appeals should be given discretion to take judicial notice of its own mandate issued in another case."

7. 711 S.W.2d 634, 636 (Tex.Crim.App.1986).

8. *Id.* at 636 n. 1 (quoting *Garza v. State*, 622 S.W.2d 85, 89 (Tex.Crim.App.1981)).

9. *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim.App.1987) (internal citations and footnote omitted).

10. 746 S.W.2d 483, 483 (Tex.Crim.App.1988).

11. *Id.*

12. *Id.*

13. *Id.* at 484.

14. *Monge v. California*, 524 U.S. 721, 724, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998); *Ex parte Watkins*, 73 S.W.3d 264, 270–71 (Tex. Crim.App.2002); *Bell v. State*, 994 S.W.2d 173, 175 (Tex.Crim.App.1999).

The State argues that it would be proper to do so because "the court [would be taking] judicial notice of its own records." Because the trial judge in Fletcher's case found the enhancement paragraphs to be true, the State notes that the judge had "already assessed punishment for a twice-enhanced offense." The State concludes, "the courts of appeals's judicial notice of the mandate served to support the trial court's implicit finding that the enhancement conviction was indeed final."

Based on these arguments, the State asserts that the "ancillary holdings in *Jones* that Fletcher relies on in support of his argument have not [survived]." We disagree. The court of appeals claimed that, on remand, "the State would introduce the mandate they produced with their brief in this appeal, just as the State would have at the punishment hearing if appellant had raised the issue of whether the mandate had issued." [15] But it was not Fletcher's burden to raise that issue. Once the State provides prima facie evidence of an enhancement conviction, "this Court will presume that a conviction is final when faced with a silent record regarding such." [16] But if the presumption of finality has been overcome—as here, where the record shows that the penitentiary packet stated that the prior conviction had been appealed—"*Jones* requires the State to proceed with proof of finality." [17]

"Because the State failed to make a prima facie showing of finality, [Fletcher]

had no burden to carry nor was he obligated to complain about or object to the lack of finality of the alleged prior conviction." [18] If the State had entered the mandate during the punishment phase of Fletcher's trial, the burden to prove that the enhancement conviction had not become final before the offenses for which Fletcher was on trial would then have shifted to Fletcher to rebut the State's prima facie showing.[19] When the court of appeals below took judicial notice of the mandate that it had issued for the prior conviction, it impliedly presumed that Fletcher could not rebut the mandate. Therefore, the court of appeals deprived Fletcher of the opportunity to rebut the State's prima facie showing.

In *Russell v. State*, we explained that "[a] harmless error analysis should not be undertaken when the State fails to meet its burden of proof." [20] Simply because it might later be deemed harmless error, we cannot endorse the court of appeals's attempt to fill in evidentiary gaps by taking judicial notice of its own mandate from another case. If we allowed this practice, the State would essentially be relieved of its burden of proving the finality of an enhancement conviction at trial.

The court of appeals cited *Jones*, but failed to follow it. It correctly noted that *Jones* requires that the State prove the final disposition of an appeal from an enhancement conviction.[21] But the court went on to take judicial notice of its own

**15.** *Fletcher*, 2005 WL 1983609, at *2, 2005 Tex.App. LEXIS 6611, at *5.

**16.** *Johnson v. State*, 784 S.W.2d 413, 414 (Tex.Crim.App.1990).

**17.** *Id.*

**18.** *Jones*, 711 S.W.2d at 636; *see also Russell v. State*, 790 S.W.2d 655, 657 (Tex.Crim.App. 1990).

**19.** *Jones*, 711 S.W.2d at 636.

**20.** 790 S.W.2d at 656.

**21.** *Fletcher*, 2005 WL 1983609, at *2, 2005 Tex.App. LEXIS 6611, at *4.

mandate in another case—something we expressly refused to do in *Jones*.[22]

Although the court of appeals claimed that remanding Fletcher's case "would be useless" and that "[t]he law does not require a useless thing to be done,"[23] we disagree. A remand would not be a "useless thing."[24] Fletcher, or any other defendant faced with rebutting the finality of a conviction, might allege and prove that the mandate had been recalled as permitted under Texas Rule of Appellate Procedure 18.7[25] or that he was not the individual named in the mandate.

But Fletcher's precise argument on remand is not important. Our holding is supported by a defendant's right to rebut the State's prima facie showing of finality. We will not permit the State to relieve its burden by requesting that a court of appeals take judicial notice of a mandate, even if issued by that same court, where the State had the opportunity to introduce that mandate at the punishment phase. To do so would not only deprive a defendant of the opportunity to rebut the State's evidence, but would also allow the State to circumvent its burden at trial.

### Conclusion

Because "the State failed to make a prima facie showing of finality," the proper remedy is a reversal and remand.[26] We therefore reverse the judgments of the court of appeals and remand these cases to the trial court for a new punishment hearing.

---

22. *Jones,* 711 S.W.2d at 636 n. 1 (quoting *Garza,* 622 S.W.2d at 89).

23. *Fletcher,* 2005 WL 1983609, at *2, 2005 Tex.App. LEXIS 6611, at *5.

24. *Id.*

25. Tex.R.App. P. 18.7.

26. *Jones,* 711 S.W.2d at 636.