In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00206-CR


______________________________




CARLOS A. BIRDOW, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


 Fannin County, Texas


Trial Court No. 22208




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Carlos A. Birdow, Jr., has filed a notice of appeal from his conviction pursuant to a
negotiated plea agreement of the offense of endangerment of a child. 

 We have now received the clerk's record in this appeal. (1) On our review of that record, we
note that the trial court's certification affirmatively states this "is a plea-bargain case, and the
defendant has NO right of appeal" and "the defendant has waived the right of appeal." 

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Birdow has no right of appeal, and because the record before us does not reflect
that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005),
we must dismiss the appeal. (2)

 

 We dismiss the appeal for want of jurisdiction. 


 Josh Morriss, III

 Chief Justice


Date Submitted: April 9, 2008

Date Decided: April 10, 2008


Do Not Publish




1. This appeal is a companion appeal involving the same appellant to our cause number 06-07-00205-CR (trial court number 22207). The clerk's record in cause number 06-07-00205-CR (trial
court number 22207) contains the judgment and plea agreement for trial court cause number 22208,
and the record in cause number 06-07-00206-CR (trial court number 22208) contains the judgment
and plea agreement for trial court number 22207. An appellate court may take judicial notice of its
own records in the same or related proceedings involving the same or nearly the same parties. 
Fletcher v. State, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007); Huffman v. State, 479 S.W.2d 62, 68
(Tex. Crim. App. 1972). Therefore, we take judicial notice of the records in both cause numbers. 

2. The negotiated plea agreement in this case demonstrates that Birdow's waiver of appeal was
done knowingly, voluntarily, and intelligently. See Ex parte Delaney, 207 S.W.3d 794 (Tex. Crim.
App. 2006) ("One way to indicate that the waiver was knowing and intelligent is for the actual
punishment or maximum punishment to have been determined by a plea agreement when the waiver
was made.").