

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00205-CR
_____

CARLOS A. BIRDOW, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 22207

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Carlos A. Birdow, Jr., has filed a notice of appeal from his conviction pursuant to a negotiated plea agreement of the offense of aggravated assault with a deadly weapon.

We have now received the clerk's record in this appeal.[1] On our review of that record, we note that the trial court's certification affirmatively states this "is a plea-bargain case, and the defendant has **NO** right of appeal" and "the defendant has waived the right of appeal."

Unless a certification, showing that a defendant has the right of appeal, is in the record, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d). Because the trial court's certification affirmatively shows Birdow has no right of appeal, and because the record before us does not reflect that the certification is incorrect, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the appeal.[2]

---

[1]This appeal is a companion appeal involving the same appellant to our cause number 06-07-00206-CR (trial court number 22208). The clerk's record in cause number 06-07-00205-CR (trial court number 22207) contains the judgment and plea agreement for trial court cause number 22208, and the record in cause number 06-07-00206-CR (trial court number 22208) contains the judgment and plea agreement for trial court number 22207. An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties. *Fletcher v. State*, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007); *Huffman v. State*, 479 S.W.2d 62, 68 (Tex. Crim. App. 1972). Therefore, we take judicial notice of the records in both cause numbers.

[2]The negotiated plea agreement in this case demonstrates that Birdow's waiver of appeal was done knowingly, voluntarily, and intelligently. *See Ex parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006) ("One way to indicate that the waiver was knowing and intelligent is for the actual punishment or maximum punishment to have been determined by a plea agreement when the waiver was made.").

2

We dismiss the appeal for want of jurisdiction.


Jack Carter
Justice

Date Submitted:     April 9, 2008
Date Decided:       April 10, 2008

Do Not Publish