# NO. 12-08-00246-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL KENNEDY,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Kennedy appeals his conviction for theft. In two issues, he argues that he did not receive sufficient notice of the State's intent to seek an enhanced sentence and that one of the prior convictions the State relied on to enhance his sentence was not a final conviction. We affirm in part and reverse and remand in part.

## BACKGROUND

Appellant was charged with theft of property worth more than $1,500 and less than $20,000.[1] The indictment alleged that the victim was elderly, which elevated the punishment range from that of a state jail felony to that of a third degree felony.[2] The indictment also contained a single enhancement paragraph alleging that Appellant had previously been convicted of a felony offense. A week before trial, the State faxed to Appellant's lawyer a pleading captioned "State's Notice of Enhancement Paragraphs to be Submitted to the Fact Finder at

---

[1] TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2009).

[2] TEX. PENAL CODE ANN. §§ 31.03(e)(4)(A), (f)(3) (Vernon Supp. 2009).

Punishment," which alleged that Appellant had two prior felony convictions and that the State intended to seek an enhanced sentence based on those offenses if Appellant was convicted.

The State did not actually file the notice of enhancement with the trial court until the first day of trial. A trial was held, and the jury found Appellant guilty as charged. The trial court allowed the State to proceed with the sentencing enhancements, overruling Appellant's objection that the State's notice was untimely filed. The jury assessed punishment at imprisonment for sixty–two years and a fine of $10,000. This appeal followed.

### TIMELY NOTICE OF ENHANCEMENT PLEADINGS

In his first issue, Appellant contends that the State's notice of its intent to seek an enhanced sentence was untimely filed and did not afford him sufficient notice to prepare for trial.

**Applicable Law**

A defendant has a due process right to notice if the state will seek an enhanced sentence. *See Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006); *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978). However, sentencing enhancement allegations need not be pleaded in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). Rather, the Texas Court of Criminal Appeals has held that "prior convictions used as enhancements must be pled in some form . . . ." *Id*. At a minimum, a defendant is "entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question of whether he is the named convict therein." *See Villescas*, 189 S.W.3d at 293; *Hollins v. State*, 571 S.W.2d at 875. With respect to how much notice is required, the court in *Villescas* concluded that "[t]he ultimate question is whether constitutionally adequate notice was given" and that "when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution." *See Villescas*, 189 S.W.3d at 294.

**Application**

In this case, Appellant had notice from the time he was indicted of one of the prior convictions the State sought to use to enhance his sentence. He had a week's notice of the second prior conviction–by way of the notice the State sent to his attorney–and he did not request

a continuance or seek additional time to prepare. The second conviction occurred in the same county in which the trial was held for this case, and Appellant's counsel was able to obtain a copy of the prior conviction on the Wednesday or the Thursday before the Tuesday trial, although he was not able to review the court's file until the day of trial.

Appellant did not request a continuance or additional time to prepare and has not shown that he was prejudiced by the amount of notice he did receive. Accordingly, and while not endorsing the method of providing notice the State used in this case, we hold that Appellant received sufficient notice prior to trial of the enhancements the State would seek. Therefore, we overrule Appellant's first issue.

### FINALITY OF CONVICTION

In his second issue, Appellant argues that one of the convictions used to enhance his sentence was not shown to be a final conviction.

## Applicable Law

A conviction from which an appeal has been taken is not a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final. *See Fletcher v. State*, 214 S.W.3d 5, 6–7 (Tex. Crim. App. 2007). A conviction is presumed to be final if the record of the conviction, and the evidence generally, does not show that there was an appeal from the conviction. *Id*. at 8. However, when the records used to prove that a defendant has a prior conviction indicate there was an appeal, the state has the "burden of proof to establish what disposition was made of the appeal." *Id*.; *Ex parte Chandler*, 182 S.W.3d 350, 358 (Tex. Crim. App. 2005). In that context, a defendant does not have a burden to show that the conviction is not final unless and until the state makes a prima facie showing of finality. *Fletcher*, 214 S.W.3d at 8.

## Analysis

Appellant argues that the State did not prove his conviction was affirmed by the court of appeals and was a final conviction. The State offered proof of Appellant's prior conviction by introducing a penitentiary packet, which showed that Appellant was received into the prison system on April 25, 1984 for a felony conviction for burglary of a habitation. The records show that the conviction occurred on April 18, 1984 and that the judgment of conviction was signed by

the presiding judge on April 24, 1984. Appellant received a five year sentence for that offense. The records do not indicate when Appellant was released from prison. The judgment has spaces that can be filled in to indicate when the notice of appeal is given, when an appeal is withdrawn, and when the mandate is received. Typewritten into those spaces are entries that show notice of appeal was given on June 26, 1985 and that the mandate was received on August 6, 1985. These dates would have had to have been filled in after the judgment was signed by the trial court, but there is no indication as to who typed the entries.

The State did not offer into evidence the mandate for Appellant's prior conviction. There was no dispute as to whether the appeal was concluded, however, because the penitentiary packet indicated that a mandate had issued in August 1985. What is lacking is proof that the conviction was affirmed or upheld. *See Fletcher*, 214 S.W.3d at 6–7 (Where issue is raised, State must show that conviction is final, which means that conviction has been affirmed and a mandate has issued.).

The State does not dispute that it was required to prove the conviction was affirmed on appeal, but insists this burden was met. The State makes three arguments. First, the State argues that the conviction must have been affirmed on appeal because "the [prison] would not have received Appellant into its system or maintained his judgment" if the judgment had been overturned. We disagree.

The fact that Appellant was received into the system is no evidence of the finality of his conviction. He was received into the prison on April 25, 1984, which is before he gave notice of appeal and before the mandate was issued. Accordingly, the prison system's receipt of Appellant's person was not contingent on his appeal being unsuccessful and does not indicate that the conviction was affirmed on appeal.

Similarly, the fact that the prison maintained Appellant's judgment does not suggest that his conviction was affirmed on appeal. There is no evidence as to how the prison maintains its records or that it does not keep records when convictions are overturned. Accordingly, the jury could not draw a conclusion as to the finality of the conviction on the basis that the prison had a record of the mandate having issued.

Lastly, the fact that there is an entry for receipt of the mandate is not evidence that the conviction was affirmed on appeal. This entry was either made on a copy of the judgment that

was forwarded to the prison system or it was made by someone at the prison itself on a copy of the judgment it maintained. Either way, the fact of that entry merely shows that someone recorded that the mandate had been issued and that the prison was on notice of the mandate. This does not show that the conviction was affirmed on appeal, and is equally consistent with the conviction having been reversed, especially as the records do not show when Appellant was released from prison. *See*, *e.g.*, ***Evans v. State***, No. 05-08-00133-CR, 2008 Tex. App. LEXIS 8674, at \*5 (Tex. App.–Dallas Nov. 18, 2008, no pet.) (mem. op., not designated for publication) (Court declined to conclude that evidence of imprisonment was proof of finality of conviction even where evidence showed that defendant had been imprisoned for more than seven years.)

In sum, these records do not show the disposition of Appellant's appeal, and so they cannot provide a basis on which to conclude that Appellant's conviction was final.

The State's second argument is that the "case file was in the clerk's possession and Appellant did not produce any evidence that the conviction was overturned on appeal." The State's third argument is that this court issued a mandate affirming Appellant's judgment. Both of these arguments fail to consider the State's burden to make a prima facie showing of the finality of the conviction when the penitentiary packet shows that the prior conviction has been appealed. ***Fletcher***, 214 S.W.3d at 8. Until the State made such a showing, Appellant had no burden to produce any evidence that his conviction was overturned on appeal, even if such evidence was at hand.[3] And, with respect to the argument that this court did issue a mandate affirming Appellant's conviction, the court of criminal appeals has ruled specifically that an intermediate court of appeals may not take judicial notice of its own mandate for these purposes, precisely because it is the state's burden of proof to produce prima facie evidence that an appealed conviction was affirmed on appeal and final. *See **Fletcher***, 214 S.W.3d at 9 ("We will not permit the State to relieve its burden by requesting that a court of appeals take judicial notice of a mandate, even if issued by that same court, where the State had the opportunity to introduce that mandate at the punishment phase. To do so would not only deprive a defendant of the opportunity to rebut the State's evidence, but would also allow the State to circumvent its burden at trial.").

---

[3] Such evidence does not appear to be available. As in ***Fletcher***, Appellant's conviction was affirmed on appeal. *See **Kennedy v. State***, 12-84-00138-CR (Tex. App.–Tyler April 18, 1985, no pet.) (not designated for publication).

The State has the burden to show that a conviction is final when the evidence shows there was an appeal of that conviction.  One way to do this is to enter the mandate from the appropriate court showing that the conviction was affirmed and that the appeal is concluded.  The State did not introduce a mandate for Appellant's prior conviction and did not otherwise show that his conviction was final.  Accordingly, we sustain Appellant's second issue.[4]

## DISPOSITION

We overrule Appellant's first issue and sustain his second issue.  Accordingly, we *reverse* the judgment with respect to the punishment imposed and *remand* to the trial court for a new punishment hearing pursuant to article 44.29(b), Texas Code of Criminal Procedure.


        SAM GRIFFITH__
                                    Justice


Opinion delivered December 16, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

---

[4] Appellant requests a new trial on punishment "without any enhancement paragraphs."  This is not the appropriate result.  On retrial, the State is not precluded from proving the alleged sentencing enhancements if it elects to do so and if it can do so.  *See Fletcher*, 214 S.W.3d at 7 (citing *Monge v. California*, 524 U.S. 721, 734, 118 S. Ct. 2246, 2248, 141 L. Ed. 2d 615 (1998)) (Double Jeopardy Clause does not preclude retrial on a prior conviction allegation.); *see also Rollerson v. State*, 227 S.W.3d 718, 731 (Tex. Crim. App. 2007) (Retrial on enhancements permissible where original finder of fact found against appellant.).