NO









NO. 12-08-00246-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MICHAEL KENNEDY,                                  §                    APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                     §                     JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                            
                       §                     ANDERSON COUNTY, TEXAS







MEMORANDUM OPINION

            Michael Kennedy appeals
his conviction for theft.  In two issues, he argues that he did not receive
sufficient notice of the State’s intent to seek an enhanced sentence and that
one of the prior convictions the State relied on to enhance his sentence was
not a final conviction.  We affirm in part and reverse and remand in part.

 

Background

Appellant was charged with theft of property
worth more than $1,500 and less than $20,000.[1] 
The indictment alleged that the victim was elderly, which elevated the
punishment range from that of a state jail felony to that of a third degree
felony.[2] 
The indictment also contained a single enhancement paragraph alleging that Appellant
had previously been convicted of a felony offense.  A week before trial, the State
faxed to Appellant’s lawyer a pleading captioned “State’s Notice of Enhancement
Paragraphs to be Submitted to the Fact Finder at Punishment,” which alleged that
Appellant had two prior felony convictions and that the State intended to seek
an enhanced sentence based on those offenses if Appellant was convicted.  

The State did not actually file the
notice of enhancement with the trial court until the first day of trial.  A
trial was held, and the jury found Appellant guilty as charged.  The trial
court allowed the State to proceed with the sentencing enhancements, overruling
Appellant’s objection that the State’s notice was untimely filed.  The jury assessed
punishment at imprisonment for sixty–two years and a fine of $10,000.  This
appeal followed.

 

Timely
Notice of Enhancement Pleadings

In his first issue, Appellant
contends that the State’s notice of its intent to seek an enhanced sentence was
untimely filed and did not afford him sufficient notice to prepare for trial.  

Applicable Law

A defendant has a due process right
to notice if the state will seek an enhanced sentence.  See Villescas v.
State, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006); Hollins v.
State, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978).  However, sentencing
enhancement allegations need not be pleaded in the indictment.  Brooks v.
State, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).  Rather, the Texas
Court of Criminal Appeals has held that “prior convictions used as enhancements
must be pled in some form . . . .”  Id.  At a minimum, a
defendant is “entitled to a description of the judgment of former conviction
that will enable him to find the record and make preparation for a trial of the
question of whether he is the named convict therein.”  See Villescas,
189 S.W.3d at 293; Hollins v. State, 571 S.W.2d at 875.  With
respect to how much notice is required, the court in Villescas
concluded that “[t]he ultimate question is whether constitutionally adequate
notice was given” and that “when a defendant has no defense to the enhancement
allegation and has not suggested the need for a continuance in order to prepare
one, notice given at the beginning of the punishment phase satisfies the
federal constitution.”  See Villescas, 189 S.W.3d at 294.

Application

In this case, Appellant had notice
from the time he was indicted of one of the prior convictions the State sought
to use to enhance his sentence.  He had a week’s notice of the second prior
conviction–by way of the notice the State sent to his attorney–and he did not
request a continuance or seek additional time to prepare.  The second
conviction occurred in the same county in which the trial was held for this
case, and Appellant’s counsel was able to obtain a copy of the prior conviction
on the Wednesday or the Thursday before the Tuesday trial, although he was not
able to review the court’s file until the day of trial.  

Appellant did not request a
continuance or additional time to prepare and has not shown that he was
prejudiced by the amount of notice he did receive.  Accordingly, and while not
endorsing the method of providing notice the State used in this case, we hold
that Appellant received sufficient notice prior to trial of the enhancements
the State would seek.  Therefore, we overrule Appellant’s first issue.

 

Finality of Conviction

In his second issue, Appellant argues
that one of the convictions used to enhance his sentence was not shown to be a
final conviction.

Applicable Law

            A conviction from which
an appeal has been taken is not a final conviction until the conviction is
affirmed by the appellate court and that court’s mandate of affirmance becomes
final.  See Fletcher v. State, 214 S.W.3d 5, 6–7 (Tex. Crim. App. 2007).  A conviction is presumed to be final if the record of the
conviction, and the evidence generally, does not show that there was an appeal
from the conviction.  Id. at 8.  However, when the records used
to prove that a defendant has a prior conviction indicate there was an appeal, the
state has the “burden of proof to establish what disposition was made of the
appeal.”  Id.; Ex parte Chandler, 182 S.W.3d 350, 358 (Tex. Crim. App. 2005).  In that
context, a defendant does not have a burden to show that the conviction is not
final unless and until the state makes a prima facie showing of finality.  Fletcher,
214 S.W.3d at 8.  

Analysis

            Appellant argues that the
State did not prove his conviction was affirmed by the court of appeals and was
a final conviction.  The State offered proof of Appellant’s prior conviction by
introducing a penitentiary packet, which showed that Appellant was received
into the prison system on April 25, 1984 for a felony conviction for burglary
of a habitation.  The records show that the conviction occurred on April 18,
1984 and that the judgment of conviction was signed by the presiding judge on
April 24, 1984.  Appellant received a five year sentence for that offense.  The
records do not indicate when Appellant was released from prison.  The judgment has
spaces that can be filled in to indicate when the notice of appeal is given,
when an appeal is withdrawn, and when the mandate is received.  Typewritten
into those spaces are entries that show notice of appeal was given on June 26,
1985 and that the mandate was received on August 6, 1985.  These dates would
have had to have been filled in after the judgment was signed by the trial
court, but there is no indication as to who typed the entries. 

             The State did not offer
into evidence the mandate for Appellant’s prior conviction.  There was no
dispute as to whether the appeal was concluded, however, because the penitentiary
packet indicated that a mandate had issued in August 1985.  What is lacking is
proof that the conviction was affirmed or upheld.  See Fletcher,
214 S.W.3d at 6–7 (Where issue is raised, State must show that conviction is
final, which means that conviction has been affirmed and a mandate has
issued.).  

The State does not dispute that it
was required to prove the conviction was affirmed on appeal, but insists this
burden was met.  The State makes three arguments.  First, the State argues that
the conviction must have been affirmed on appeal because “the [prison] would
not have received Appellant into its system or maintained his judgment” if the
judgment had been overturned.  We disagree.  

The fact that Appellant was received
into the system is no evidence of the finality of his conviction.  He was
received into the prison on April 25, 1984, which is before he gave notice of
appeal and before the mandate was issued.  Accordingly, the prison system’s
receipt of Appellant’s person was not contingent on his appeal being
unsuccessful and does not indicate that the conviction was affirmed on appeal. 


Similarly, the fact that the prison
maintained Appellant’s judgment does not suggest that his conviction was
affirmed on appeal.  There is no evidence as to how the prison maintains its
records or that it does not keep records when convictions are overturned.  Accordingly,
the jury could not draw a conclusion as to the finality of the conviction on
the basis that the prison had a record of the mandate having issued.

Lastly, the fact that there is an
entry for receipt of the mandate is not evidence that the conviction was
affirmed on appeal.  This entry was either made on a copy of the judgment that
was forwarded to the prison system or it was made by someone at the prison
itself on a copy of the judgment it maintained.  Either way, the fact of that
entry merely shows that someone recorded that the mandate had been issued and
that the prison was on notice of the mandate.  This does not show that the
conviction was affirmed on appeal, and is equally consistent with the
conviction having been reversed, especially as the records do not show when
Appellant was released from prison.  See, e.g., Evans v.
State, No. 05-08-00133-CR, 2008 Tex. App. LEXIS 8674, at *5 (Tex. App.–Dallas
Nov. 18, 2008, no pet.) (mem. op., not designated for publication) (Court
declined to conclude that evidence of imprisonment was proof of finality of
conviction even where evidence showed that defendant had been imprisoned for
more than seven years.)

In sum, these records do not show the
disposition of Appellant’s appeal, and so they cannot provide a basis on which
to conclude that Appellant’s conviction was final.

The State’s second argument is that
the “case file was in the clerk’s possession and Appellant did not produce any
evidence that the conviction was overturned on appeal.”  The State’s third
argument is that this court issued a mandate affirming Appellant’s judgment. 
Both of these arguments fail to consider the State’s burden to make a prima
facie showing of the finality of the conviction when the penitentiary packet
shows that the prior conviction has been appealed.  Fletcher, 214
S.W.3d at 8.  Until the State made such a showing, Appellant had no burden to
produce any evidence that his conviction was overturned on appeal, even if such
evidence was at hand.[3] 
And, with respect to the argument that this court did issue a mandate affirming
Appellant’s conviction, the court of criminal appeals has ruled specifically
that an intermediate court of appeals may not take judicial notice of its own
mandate for these purposes, precisely because it is the state’s burden of proof
to produce prima facie evidence that an appealed conviction was affirmed on
appeal and final.  See Fletcher, 214 S.W.3d at 9 (“We will not
permit the State to relieve its burden by requesting that a court of appeals
take judicial notice of a mandate, even if issued by that same court, where the
State had the opportunity to introduce that mandate at the punishment phase. To
do so would not only deprive a defendant of the opportunity to rebut the
State's evidence, but would also allow the State to circumvent its burden at
trial.”).

The State has the burden to show that
a conviction is final when the evidence shows there was an appeal of that
conviction.  One way to do this is to enter the mandate from the appropriate
court showing that the conviction was affirmed and that the appeal is
concluded.  The State did not introduce a mandate for Appellant’s prior
conviction and did not otherwise show that his conviction was final. 
Accordingly, we sustain Appellant’s second issue.[4]


 

Disposition

We overrule Appellant’s first issue
and sustain his second issue.  Accordingly, we reverse the
judgment with respect to the punishment imposed and remand to the
trial court for a new punishment hearing pursuant to article 44.29(b), Texas
Code of Criminal Procedure.

 

 

                                                                                        Sam Griffith__   

                                                                                                  
Justice

 

 

Opinion
delivered December 16, 2009.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                [1]
Tex. Penal Code Ann. § 31.03(a)
(Vernon Supp. 2009).





                [2]
Tex. Penal Code Ann. §§ 31.03(e)(4)(A), (f)(3) (Vernon Supp. 2009).

 





[3]
Such evidence does not appear to be available.  As in Fletcher,
Appellant’s conviction was affirmed on appeal.  See Kennedy v. State,
12-84-00138-CR (Tex. App.–Tyler April 18, 1985, no pet.) (not designated for
publication).   





[4]
Appellant requests a new trial on punishment “without any enhancement
paragraphs.”  This is not the appropriate result.  On retrial, the State is not
precluded from proving the alleged sentencing enhancements if it elects to do
so and if it can do so.  See Fletcher, 214 S.W.3d at 7 (citing Monge
v. California, 524 U.S. 721, 734, 118 S. Ct. 2246, 2248, 141 L. Ed. 2d
615 (1998)) (Double Jeopardy Clause does not preclude retrial on a prior
conviction allegation.); see also Rollerson v. State, 227
S.W.3d 718, 731 (Tex. Crim. App. 2007) (Retrial on enhancements permissible
where original finder of fact found against appellant.).