NO. 12-10-00447-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

DANNY DALE WEISINGER, SR.              §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

            Relator
Danny Dale Weisinger Sr. seeks an order directing the presiding judge of the
349th Judicial District Court of Houston County, Texas, “to appoint counsel for
Relator’s DNA-ANALYSIS as previously granted by [the] convicting court.”  He
asserts that his November 12, 2003 motion for appointment of counsel was
granted in open court on February 13, 2004, but counsel was never appointed. 
We deny the petition.

 

Prerequisites to Mandamus

            In a
criminal case, a relator is entitled to mandamus relief only if he establishes
that (1) he has no other adequate legal remedy and (2) under the facts and the
law, the act sought to be compelled is purely ministerial.  See State ex
rel. Hill v. Fifth Court of Appeals, 3 S.W.3d 924, 927 (Tex. Crim. App.
2001).  The requirement that persons seeking mandamus relief establish the lack
of an adequate appellate remedy is a “fundamental tenet” of mandamus practice. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding) (quoting Holloway v. Fifth Court of Appeals, 767
S.W.2d 680, 694 (Tex. 1989)).

            An
order denying a request for appointed counsel to assist in filing a motion for
postconviction DNA testing is not immediately appealable.  Gutierrez v.
State, 307 S.W.3d 318, 322 (Tex. Crim. App. 2010).  Instead, a
complaint about the order is properly raised on denial of a DNA motion filed
without assistance of counsel.  Id.  In other words, an order
denying a request for appointed counsel is appealable after the trial court
denies both a motion for appointed counsel and a motion for postconviction DNA
testing.  See In re Layton, No. 07-10-00330-CV, 2010 WL 3503529,
at *1 (Tex. App.–Amarillo Sept. 8, 2010, orig. proceeding) (mem. op.); see
also Guiterrez, 307 S.W.3d at 322.

 

Discussion

            Relator
asserts that a former judge sitting in the convicting court granted his motion
to appoint counsel for purposes of obtaining DNA testing, but counsel was never
appointed.  The record does not support this contention.  

            According
to the record filed with Relator’s mandamus petition, the trial court appointed
appellate counsel for Relator.  This court received notice of the appointment
on August 19, 2003.[1] 
Relator became dissatisfied with counsel’s representation and, on November 12,
2003, he filed a motion to substitute counsel.  On February 13, 2004, the trial
court held a hearing, granted Relator’s motion “as a potential conflict with
regard to his allegation on counsel,” and announced it would appoint new
appellate counsel.  The trial court stated further that the attorney to be
appointed would handle the appeal as well as the DNA issues.  This court
received notice of that appointment on March 25, 2004, and Relator’s previously
appointed appellate counsel was allowed to withdraw on April 7, 2004.  From
this sequence of events, it appears that the trial court appointed new appellate
counsel in accordance with its ruling at the February 13, 2004 hearing and that
the appointment included representation of Relator in the appeal as well as for
the DNA issues.  Therefore, the omission Relator complains of did not occur
with respect to his November 12, 2003 motion to substitute counsel.  

            On
December 15, 2004, Relator filed a document entitled “Motion to
‘Reconsider’ Said Motion for (DNA) Testing Pursuant to Article 64, Code of
Criminal Procedure.”  In this motion, Relator requested appointment of counsel
to assist him in filing a DNA motion.  He alleged that “the above ‘motion’ has
been submitted twice before in the district court, 349th Judicial District,
Houston County, however[sic], the motion had been denied and simply
disregarded.”  We interpret this as an allegaton that Relator had filed a
second motion for appointment of counsel to assist him with his DNA motion, but
the motion had been denied.  To the extent that Relator attempts to complain
here about the denial of any such previous motion, he cannot obtain relief
because he has an adequate remedy by appeal.  See In re Layton,
2010 WL 3503529, at *1; see also Guiterrez, 307 S.W.3d at 322.  Accordingly,
his petition for writ of mandamus is denied.

 

 

                                                                                                Sam Griffith

                                                                                                        
Justice

 

 

 

Opinion delivered January 26, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











                [1] Relator was convicted of
aggravated assault and appealed his conviction to this court.  We affirmed his
conviction.  See generally Weisinger v. State, No.
12-03-00274-CR, 2004 WL 3103643 (Tex. App.–Tyler Jan. 12, 2005, pet. ref’d).  The
facts stated in this opinion are derived from the record Relator furnished and
from this court’s records in his appeal.  An appellate court may take judicial
notice of its own records in the same or related proceedings involving the same
or nearly the same parties.  See Fletcher v. State, 214 S.W.3d 5,
7 (Tex. Crim. App. 2007) (quoting Turner v. State, 733 S.W.2d
218, 223 (Tex. Crim. App. 1987)).