# NO. 12-10-00447-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DANNY DALE WEISINGER, SR.* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Danny Dale Weisinger Sr. seeks an order directing the presiding judge of the 349th Judicial District Court of Houston County, Texas, "to appoint counsel for Relator's DNA-ANALYSIS as previously granted by [the] convicting court." He asserts that his November 12, 2003 motion for appointment of counsel was granted in open court on February 13, 2004, but counsel was never appointed. We deny the petition.

### PREREQUISITES TO MANDAMUS

In a criminal case, a relator is entitled to mandamus relief only if he establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *See* *State ex rel. Hill v. Fifth Court of Appeals*, 3 S.W.3d 924, 927 (Tex. Crim. App. 2001). The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 694 (Tex. 1989)).

An order denying a request for appointed counsel to assist in filing a motion for postconviction DNA testing is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 322 (Tex. Crim. App. 2010). Instead, a complaint about the order is properly raised on denial of a DNA motion filed without assistance of counsel. *Id*. In other words, an order denying a

request for appointed counsel is appealable after the trial court denies both a motion for appointed counsel and a motion for postconviction DNA testing.  *See In re Layton*, No. 07-10-00330-CV, 2010 WL 3503529, at *1 (Tex. App.–Amarillo Sept. 8, 2010, orig. proceeding) (mem. op.); *see also Guiterrez*, 307 S.W.3d at 322.

**DISCUSSION**

Relator asserts that a former judge sitting in the convicting court granted his motion to appoint counsel for purposes of obtaining DNA testing, but counsel was never appointed.  The record does not support this contention.

According to the record filed with Relator's mandamus petition, the trial court appointed appellate counsel for Relator.  This court received notice of the appointment on August 19, 2003.[1]  Relator became dissatisfied with counsel's representation and, on November 12, 2003, he filed a motion to substitute counsel.  On February 13, 2004, the trial court held a hearing, granted Relator's motion "as a potential conflict with regard to his allegation on counsel," and announced it would appoint new appellate counsel.  The trial court stated further that the attorney to be appointed would handle the appeal as well as the DNA issues.  This court received notice of that appointment on March 25, 2004, and Relator's previously appointed appellate counsel was allowed to withdraw on April 7, 2004.  From this sequence of events, it appears that the trial court appointed new appellate counsel in accordance with its ruling at the February 13, 2004 hearing and that the appointment included representation of Relator in the appeal as well as for the DNA issues.  Therefore, the omission Relator complains of did not occur with respect to his November 12, 2003 motion to substitute counsel.

On December 15, 2004, Relator filed a document entitled "Motion to 'Reconsider' Said Motion for (DNA) Testing Pursuant to Article 64, Code of Criminal Procedure."  In this motion, Relator requested appointment of counsel to assist him in filing a DNA motion.  He alleged that "the above 'motion' has been submitted twice before in the district court, 349th Judicial District, Houston County, however[sic], the motion had been denied and simply disregarded."  We

---

[1] Relator was convicted of aggravated assault and appealed his conviction to this court.  We affirmed his conviction.  *See generally Weisinger v. State*, No. 12-03-00274-CR, 2004 WL 3103643 (Tex. App.–Tyler Jan. 12, 2005, pet. ref'd).  The facts stated in this opinion are derived from the record Relator furnished and from this court's records in his appeal.  An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties.  *See Fletcher v. State*, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007) (quoting *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987)).

2

interpret this as an allegaton that Relator had filed a second motion for appointment of counsel to assist him with his DNA motion, but the motion had been denied. To the extent that Relator attempts to complain here about the denial of any such previous motion, he cannot obtain relief because he has an adequate remedy by appeal. *See **In re Layton***, 2010 WL 3503529, at \*1; *see also **Guiterrez***, 307 S.W.3d at 322. Accordingly, his petition for writ of mandamus is **denied**.


**SAM GRIFFITH**
Justice


Opinion delivered January 26, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)