# NO. 12-21-00035-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *EDWARD W. SMITH,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Edward W. Smith, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion for judgment nunc pro tunc.[1] Relator's appendix reflects that his motion was filed on July 1, 2019. The motion sought time credits from November 18, 2015 through April 28, 2017, in trial court cause number 87CR16-32731.[2] On November 21, Relator drafted a letter to Respondent, in which he requested a ruling on his motion. The letter is file stamped December 11 and a yellow post-it-note attached to the letter states, "Forwarded to judge." On January 30, 2020, Relator drafted another letter to Respondent to again request a ruling on the motion. The letter is file stamped February 7 and a yellow post-it-note attached to the letter states, "No Action Taken."[3]

---

[1] Respondent is the Honorable Deborah Oakes Evans, Judge of the 87th Judicial District Court in Anderson County, Texas. The State of Texas is the Real Party in Interest.

[2] This information is based on records filed in another of Relator's mandamus proceedings regarding this trial court number. *See In re Smith*, No. 12-19-00337-CR, 2019 WL 5956674 (Tex. App.—Tyler Nov. 13, 2019, orig. proceeding) (mem. op., not designated for publication); *see also Fletcher v. State,* 214 S.W.3d 5, 7 (Tex. Crim. App. 2007) (appellate court may take judicial notice of own records in same or related proceedings involving same or nearly same parties).

[3] Relator previously sought mandamus relief from this Court for Respondent's failure to rule on his motion, but we denied relief because Relator failed to demonstrate that he called the motion to Respondent's attention. *See In re Smith*, No. 12-19-00337-CR, 2019 WL 5956674 (Tex. App.—Tyler Nov. 13, 2019, orig. proceeding) (mem. op., not designated for publication).

"If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). For mandamus relief to be granted in this context, the record must show (1) the motion was filed and brought to the respondent's attention for a ruling, and (2) the respondent has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *Id*. "Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court." *Id*. at 74.

In this case, the file stamped letter of December 11 is the earliest date at which Relator's motion may have been called to Respondent's attention. Thus, Respondent has possibly been aware of the motion for approximately three months. Assuming Relator's motion was properly filed and called to Respondent's attention, a reasonable time for ruling has not passed.[4] *See In re Ramos*, 598 S.W.3d 472, 474 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (judge had been aware of motion for judgment nunc pro tunc approximately five months before appellate court opinion; thus, judge did not rule on motion within reasonable time); *see also In re Sayyed*, No. 05-20-00195-CV, 2020 WL 6074117, at *3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op. on reh'g) (at time of October 2020 opinion, respondent had learned of the motion on July 1, 2020; thus, reasonable time for ruling had not passed). Accordingly, we *deny* Relator's petition for writ of mandamus.

Opinion delivered March 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[4] "After a trial court's plenary power over a final judgment has expired, the trial court generally lacks jurisdiction to sign an order in the same case in which the court grants, sets aside, vacates, modifies, corrects, or reforms its judgment, and the law generally deems void an order in which the trial court purports to do so." *In re Ramos*, 598 S.W.3d 472, 474 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). "But the law creates an exception for rendition of a judgment nunc pro tunc to correct a clerical error." *Id*. "Even though a trial court lacks jurisdiction to grant a motion for judgment nunc pro tunc that is based on a judicial error rather than a clerical error, the trial court holds jurisdiction to rule on the motion." *Id*. We trust Respondent will promptly rule on Relator's motion. *See generally Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam) (trial court has authority to correct judgment to reflect appropriate time credit by nunc pro tunc order and should do so); *see In re Sayyed*, No. 05-20-00195-CV, 2020 WL 6074117, at *3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op. on reh'g) (denying mandamus petition without prejudice to relator filing new mandamus proceeding should trial court not act upon motion for judgment nunc pro tunc, which sought correction of time credits, within reasonable time).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2021**

**NO. 12-21-00035-CR**

**EDWARD W. SMITH,**
Relator
V.

**HON. DEBORAH OAKES EVANS,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Edward W. Smith; who is the relator in appellate cause number 12-21-00035-CR and the defendant in trial court cause number 87CR16-32731, formerly pending on the docket of the 87th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on March 4, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*