**Majority and Dissenting Opinions filed August 4, 2022, Withdrawn; Petition for Writ of Mandamus Denied; Substitute Memorandum Majority and Dissenting Opinions filed August 5, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00095-CR

### IN RE KENNETH R. SOWELL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1007515**

## MEMORANDUM MAJORITY OPINION

Our majority opinion of August 4, 2022 is withdrawn and we issue this substitute opinion. On Monday, February 14, 2022, relator Kenneth R. Sowell filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the presiding judge of the 262nd District Court of Harris County, to rule on his motion for judgment nunc pro tunc.

Relator's motion claims the jury did not find him guilty as charged in the indictment, therefore the deadly weapon finding should be removed from the judgment. The records before this court,[1] filed in relator's appeal of his conviction,[2] reflect the verdict of the jury as follows: "We, the Jury, find the defendant, Kenneth Ray Sowell, guilty of aggravated robbery, as charged in the indictment." The indictment charged appellant with the use and exhibition of a deadly weapon, namely a firearm. Accordingly, relator is not entitled to removal of the deadly weapon finding from the judgment.

Under these circumstances, we will not require the trial court to perform the useless act of ruling on relator's motion for judgment nunc pro tunc. *See Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) ("The law does not require a futile act."). Relator's petition for writ of mandamus is denied.[3]

/s/    Frances Bourliot
        Justice

Panel consists of Chief Justice Christopher and Justices Bourliot, and Spain (Spain, J., dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties, but not for the purpose of considering testimony not shown in the record of the case before it. *Fletcher v. State*, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007).

[2] *See Sowell v. State*, No. 14-05-00864-CR, 2006 WL 3091446, at *1 (Tex. App.—Houston [14th Dist.] Nov. 2, 2006, no pet.) (mem. op., not designated for publication).

[3] The dissent would abate this proceeding based upon relator's petition for writ of mandamus in the higher court. That filing is not before us and is not represented to be a post-conviction writ of habeas corpus, which would deprive this court of jurisdiction of this petition. *See In re Briscoe*, 230 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, no pet.).