**Opinion issued November 8, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-22-00667-CR**

———————————

**VINCENT TROY MALONE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1607699**

---

**MEMORANDUM OPINION**

Appellant Vincent Troy Malone, acting pro se, attempts to appeal the January 19, 2022 judgment in which he was convicted of attempted assault of a public servant. We previously dismissed an appeal by Malone from the same judgment of conviction in *Malone v. State*, No. 01-22-00308-CR, 2022 WL 1572274, at *1 (Tex.

App.—Houston [1st Dist.] May 19, 2022, no pet.) (mem. op., not designated for publication). Like the first appeal, we dismiss this appeal.

Appellant Vincent Troy Malone pleaded guilty to the felony offense of attempted assault of a public servant in exchange for the State's agreement to abandon enhancements and to reduce the charge from assault to attempted assault of a public servant. *See* TEX. PENAL CODE §§ 15.01, 22.01. On January 19, 2022, in accordance with the terms of the plea-bargain agreement, the trial court signed a judgment of conviction for the offense of attempted assault on a public servant and sentenced Malone to two years in state jail. Proceeding pro se, Malone appealed the judgment.

In the first appeal, we explained that "[i]n a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal." *Malone*, 2022 WL 1572274, at *1 (citing TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2)). We noted that "[t]he trial court's certification state[d] that this is a plea-bargain case and that [Malone had] no right of appeal." *Id.* The record supported the trial court's statement in the certification. *Id.* Because he had no right of appeal, we dismissed Malone's appeal. *Id.* (citing *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an

appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.")).

Malone filed no motion for rehearing, and we lost plenary power over our May 19, 2022 judgment dismissing the appeal on July 18, 2022. *See* TEX. R. APP. P. 19.1(a) (providing that courts of appeals' plenary power over judgments expires 60 days after judgment). On August 22, 2022, Malone, again acting pro se, filed a notice of appeal, initiating the instant, second appeal of the January 19, 2022 judgment.

The record reflects that, as in the first appeal, the trial court signed a certification for this appeal stating that this was a plea-bargain case and that Malone has no right of appeal.[1] And, as we explained in the first appeal, because this is a plea-bargain case from which Malone has no right of appeal, we must dismiss this appeal. *See Chavez*, 183 S.W.3d at 680.

We also recognize that there is another basis to dismiss the appeal. A timely notice of appeal is required to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Here, the record reflects that Malone was sentenced on January 19, 2022. Because the record does not reflect that he filed a

---

[1] The plea papers reflecting Malone's plea agreement with the State do not appear in the clerk's record for this appeal, but they do appear in the clerk's record from Malone's first appeal. For this reason, we take judicial notice of the clerk's record from the first appeal, appellate cause number 01-22-00308-CR. *See Fletcher v. State*, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007) (recognizing that appellate court may take judicial notice of own records in same or related proceedings involving same or nearly same parties).

motion for new trial, Malone's notice of appeal was due within 30 days after his sentence was imposed, that is, by February 18, 2022. *See* TEX. R. APP. P. 26.2(a), (b) (providing that notice of appeal must be filed within 30 days after sentence is imposed or within 90 days after that date if motion for new trial is timely filed). A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* TEX. R. APP. P. 26.3. Fifteen days after February 19, 2022, was March 5, 2022. Malone did not file the notice of appeal for the instant appeal until August 22, 2022. Thus, Malone's notice of appeal was untimely. If a notice of appeal is untimely, we can take no action other than to dismiss for lack of jurisdiction. *See Olivo*, 918 S.W.2d at 523.

For the above reasons, we dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Hightower, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).