**Dismissed and Opinion Filed September 12, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00767-CR

### PATRICK LENARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F12-62409-V**

## MEMORANDUM OPINION

Before Chief Justice Wright, and Justices FitzGerald and Fillmore
Opinion by Justice FitzGerald

Patrick Lenard is charged by indictment with aggravated kidnapping. The trial court set

his bond at $1,282,000, but later reduced it to $1,000,000. Appellant was released on a $250,000

surety bond. On June 4, 2014, the trial court held the bond was insufficient and raised it to

$1,000,000. Appellant appealed the trial court's order raising the bond. We conclude we lack

jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case."[1] The

jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to

---

[1] *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

act is as absent as if it did not exist.[2]  "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'"[3]  The right to appeal in a criminal case is a statutorily created right.[4]  Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order.[5]

In *Ragston v. State*, the Texas Court of Criminal Appeals held that courts of appeals do not have jurisdiction over interlocutory orders regarding excessive bail or the denial of bail.[6]  Because the order in this case appeared to be an interlocutory order, as opposed to a final order on a pretrial application for writ of habeas corpus, we directed the parties to address our jurisdiction over the appeal.  In response, appellant asserted several bases by which the Court has jurisdiction. The State did not timely file a brief.

Appellant first asserts that article 44.42 of the Texas Code of Criminal Procedure is broad enough to provide appellate jurisdiction in this case.  We disagree.  First, article 44.42 is titled "[a]ppeal on forfeiture."  It provides a defendant the right to appeal from a "final judgment rendered upon a personal bond, bail bond, or bond taken for the prevention or suppression of offenses . . . ."[7]  Although arising out of prior criminal proceedings, "bail bond proceedings are independent from and collateral to the criminal prosecutions."[8]

---

[2] *See id.* at 523.

[3] *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)).

[4] *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant).

[5] *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

[6] *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

[7] TEX. CODE CRIM. PROC. ANN. art. 44.42 (West 2006).

[8] 8 C.J.S. *Bail* § 264 (2005).

The order at issue here is neither a bond forfeiture nor a final judgment. Rather, it is an interlocutory order issued by the trial court raising appellant's pretrial bond. Thus, we conclude article 44.42 does not give this Court jurisdiction over the appeal from the trial court's order raising his bond.

Appellant next asserts that although most appeals of bond issues are from orders on pretrial applications for writ of habeas corpus, filing a writ application in this case would have been a useless act because the trial court had already held the bond insufficient. In support of his argument, appellant cites to language in *Fletcher v. State*,[9] in which the court of criminal appeals quoted this Court's statement that the "law does not require a useless thing to be done." However, the court of criminal appeals went on to conclude this Court erred in taking judicial notice of its own mandate, thereby relieving the State of its burden to prove the finality of a conviction used for enhancement purposes, reversed our judgment, and remanded Fletcher's case to the trial court for a new punishment hearing.[10]

Appellant cites no case for the proposition that he may circumvent the proper procedure for seeking a reduction of his pretrial bond or obtaining appellate review of the trial court's ruling. Therefore, we conclude his "useless act" argument does not support our jurisdiction over the appeal.

Finally, appellant contends the broad terms of article 44.02 favor appealability. Again, we disagree. Article 44.02 provides for the right of a defendant to appeal following conviction.[11] Appellant is not appealing a judgment of conviction; thus article 44.02 does not give this Court jurisdiction over the appeal. Moreover, in *Ragston*, the court of criminal appeals specifically

---

[9] 214 S.W.3d 5, 6 (Tex. Crim. App. 2007).

[10] *Id.* at 9.

[11] TEX. CODE CRIM. PROC. ANN. art. 44.02.

held that "[t]here is   no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."[12]

Because the order from which appellant seeks to appeal is an interlocutory order raising his pretrial bond, we conclude we lack jurisdiction over the appeal.  We dismiss the appeal for want of jurisdiction.


/Kerry P. FitzGerald/

Do Not Publish                    KERRY P. FITZGERALD
TEX. R. APP. P. 47                JUSTICE
140767F.U05

---

[12] *Ragston*, 424 S.W.3d at 52.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

PATRICK LENARD, Appellant

No. 05-14-00767-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F12-62409-V.
Opinion delivered by Justice FitzGerald, Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered September 12, 2014